Miscellaneous Docket No. _____

# United States Court of Appeals
# for the Federal Circuit

## IN RE SHOLEM WEISNER,

*Petitioner.*

On Petition for a Writ of Mandamus
to the United States District Court for the Southern District of New York
Case No. 1:20-cv-02862-AKH
Judge Alvin K. Hellerstein

## PETITION FOR WRIT OF MANDAMUS
## WITH APPENDIX IN SUPPORT

Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD 57730-0735
Phone: (763) 957-2397
Email: davis@valhallalegal.com

*Counsel for Petitioner Sholem Weisner*

October 3, 2025

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Petitioner Sholem Weisner certifies the following:

1. The full name of every party represented by me is:

   Sholem Joseph Weisner.

2. The names of the real parties in interest represented by me are:

   None/not applicable.

3. All parent corporations and any publicly held companies that own ten percent (10%) or more of the stock of the parties represented by me are:

   None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   Jacob Ginsburg, Esq.
   JACOB GINSBURG, ESQ. PLLC

   Alan M. Dershowitz, Esq

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal are:

   None.

6. Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6) is:

   None/not applicable.

Dated: October 3, 2025                 */s/ Aaron W. Davis*                .
                                       Aaron W. Davis, Esq

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST………………………………………………….i

TABLE OF AUTHORITIES…………………………………………………...v-viii

STATEMENT OF RELATED CASES …………………………………………..1

STATEMENT OF JURISDICTION…………………………………….……..1

RELIEF SOUGHT………………………………………………..…….……..1

QUESTION PRESENTED………………………………………….……..…….1

INTRODUCTION………………………………………………………………….2

FACTUAL BACKGROUND AND PROCEDURAL HISTORY……………..1-3

LEGAL STANDARD………………………………………………………….3-9

ANALYSIS………………………………………………………………...9-32

I.      The Right to Relief Is Indisputable Because the District Court Has
        No Power to Refer the Matters for a "Bench Trial" by the Magistrate
        Judge Without Consent of the Parties………………………………...10-25

        A.      The plain wording of 28 U.S.C. § 636(b)(1)(B) does not
                permit a referral to the magistrate judge to conduct a
                "bench trial" in this matter without consent………………………10-18

        B.      Any construction of 28 U.S.C. § 636(b)(1)(B) to allow such
                referral would be improper as exceeding the scope of the power
                granted the district judge by Congress, and serving to deprive
                Petitioner of his personal right to a trial by an Article III judge….18-25

                1.      First, such an interpretation is defied by the precise
                        wording of the statute itself. ……………………………19-21
                2.      Second, such an interpretation would deprive Petitioner
                        of his right to trial by an Article III judge…………………21-25

II.    Petitioner is Not Required to Establish that No Adequate Relief
Is Available Other than Mandamus…………………………………..26-28

    A.    Because the circumstances reflect a clear usurpation of judicial
power, Petitioner is not required to demonstrate that no other
adequate relief is available.………………………………………26-27

    B.    Even though he need not show it, Petitioner has no other
adequate means of relief.…………………………………………27-28

III.    Mandamus Is Otherwise Appropriate to Provide Needed Review
Because the Issues Also Have a Significant Importance Beyond
the Immediate Case………………………………………………..28-30

IV.    Google's Affirmative Defenses Should be Tried With the Rest of
the Case Merits as Part of the Jury Trial Scheduled to Begin February
2, 2026………………………………………………………………..30-32

CONCLUSION……………………………………………………………...32

CERTIFICATE OF SERVICE………………………………………………33

CERTIFICATE OF COMPLIANCE…………………………………………35

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp*.,
　　No. 98 CIV. 7766 (PAC), 2008 WL 2787981 (S.D.N.Y. July 17, 2008)……31

*Anderson v. Liberty Lobby, Inc*.,
　　477 U.S. 242 (1986).………………………………………………………12, 13

*Azzarmi v. 55 Fulton Mkt.*,
　　No. 20CIV6835GBD, 2023 WL 5148253 (S.D.N.Y. Aug. 10, 2023)…..15, 16

*Bankers Life & Cas. Co. v. Holland*,
　　346 U.S. 379 (1953)……………………………………………………25, 26

*Brown v. Duchesne*,
　　19 How. 183 (1856)……………………………………………………...22

*Cage v. Harper*,
　　No. 17-CV-7621, 2020 WL 1248685, (N.D. Ill. Mar. 16, 2020)…….21, 23, 25

*Cheney v. U.S. Dist. Ct. for D.C.*,
　　542 U.S. 367 (2004).……………………………………………………8

*Commodity Futures Trading Comm'n v. Schor*,
　　478 U.S. 833 (1986)………………………………………………...…18

*Consolidated Fruit–Jar Co. v. Wright*,
　　94 U.S. 92 (1876)……………………………………………………...22

*Crowell v. Benson*,
　　285 U.S. 22 (1932)……………………………………………….…22

*De Beers Consolidated Mines v. United States*,
　　325 U.S. 212 (1945)……………………………………………..8, 26

*Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*,
    527 U.S. 627 (1999). …………………………………………………22

*Flex-Rest, LLC v. Steelcase, Inc.*,
    455 F.3d 1351 (Fed. Cir. 2006)………………………………………...30

*Gonzalez v. United States*,
    553 U.S. 242 (2008)…………………………………………...13, 14, 15

*Gomez v. United States*,
    490 U.S. 858 (1989)…………………………………………….15, 20

*In re BP Lubricants USA Inc.*,
    637 F.3d 1307 (Fed. Cir. 2011)………………………………………...28

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017)…………………………………...1, 28

*In re Micron Tech., Inc.*,
    875 F.3d 1091 (Fed. Cir. 2017)…………………………………...8, 28

*In re Petition of Boehringer Ingelheim Pharms., Inc., & Boehringer Ingelheim*
*Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*,
    745 F.3d 216 (7th Cir. 2014)………………………………………8

*In re Queen's Univ. at Kingston*,
    820 F.3d 1287 (Fed. Cir. 2016)………………………………………...28

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008)…………………………………………9

*In re von Bulow*,
    828 F.2d 94 (2d Cir. 1987)………………………………………28, 30

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*,
    863 F.2d 867 (Fed.Cir.1988)………………………………………..30

*La Buy v. Howes Leather Co.*,
    352 U.S. 249 (1957)…………………………………………...24, 26, 29

*McGinnis v. Crissell*,
No. 913CV1538LEK, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018)....15, 16

*Modine Mfg. Co. v. Allen Group, Inc.*,
917 F.2d 538 (Fed.Cir.1990)……………………………………………10, 30

*Murray's Lessee v. Hoboken Land & Improvement Co.*,
59 U.S. 272, 18 How. 272, 15 L.Ed. 372 (1856)……………………………24

*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*,
458 U.S. 50 (1982)………………………………………………17, 19, 21, 22

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*,
712 F.2d 1305 (9th Cir.)……………………………………………………23

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*,
725 F.2d 537 (9th Cir. 1984)…………………………………………..21, 22, 23

*Peretz v. United States*,
501 U.S. 923 (1991)……………………………………………………15, 29

*Roche v. Evaporated Milk Ass'n*,
319 U.S. 21 (1943)……………………………………………………………25

*Sec. & Exch. Comm'n v. Jarkesy*,
603 U.S. 109 (2024)…………………………………………………………...24

*Schlagenhauf v. Holder*,
379 U.S. 104 (1964)……………………………………………25, 26, 28, 29

*Sibbach v. Wilson & Co.*,
312 U.S. 1 (1941)……………………………………………………………..18

*Stern v. Marshall*,
564 U.S. 462 (2011)………………………………………………………19, 24

*Therasense, Inc. v. Becton, Dickinson and Co.*,
649 F.3d 1276 (Fed. Cir. 2011)…………………………………………...29

*United States v. Raddatz*,
    447 U.S. 667 (1980)…………………………………………………………16, 17

*Wellness Int'l Network, Ltd. v. Sharif*,
    575 U.S. 665 (2015)…………………………………………………………..18


*Yates v. United States*,
    574 U.S. 528 (2015)…………………………………………………………..20

## Statutes

United States Constitution, Article III……………………………….………*passim*
28 U.S.C. § 636…………………………………………………………………*passim*
28 U.S.C. § 1651………………………………………………………………1, 26
28 U.S.C. § 2072………………………………………………………………18, 24
42 U.S.C. § 1997e……………………………………………………………....16

## Rules

Fed.R.Civ.P. 50……………………………………………………………....12
Fed.R.Civ.P. 56……………………………………………………………..…..12
Fed.R.Civ.P. 72 ……………………………………………………………..20, 25
Fed.R.Civ.P. 73……………………………………………………………..20, 25

## STATEMENT OF RELATED CASES

This Court—a panel of Judges Reyna, Hughes, and Stoll—issued an opinion in an appeal from the same underlying matter on October 13, 2022. *Weisner v. Google LLC*, 51 F.4th 1073 (Fed. Cir. 2022).

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant mandamus relief under the All Writs Act, 28 U.S.C. § 1651. *In re Cray Inc.*, 871 F.3d 1355, 1358 (Fed. Cir. 2017).

## RELIEF SOUGHT

Petitioner respectfully requests that the Court issue a writ of mandamus directing the district court to vacate its order of referral to the magistrate judge for "any bench trial that may be appropriate" on the merits of the case related to affirmative defenses of unenforceability based on inequitable conduct and prosecution laches and a stay of all district court proceedings on the merits of Google's affirmative defenses until this petition has been resolved.

## QUESTION PRESENTED

Is it a proper exercise of a district court's Article III powers in a patent infringement action to designate a magistrate judge, without the consent of all parties, to conduct a bench trial on the merits of the case related to equitable affirmative defenses of unenforceability based on inequitable conduct and prosecution laches?

# INTRODUCTION

Under 28 U.S.C. § 636, magistrate judges are only permitted to conduct ***trials*** on the merits of an action with the consent of the parties. The magistrate judge's power was intentionally constrained by Congress in that regard specifically to avoid a possible constitutional objection that only an Article III judge may ultimately determine the litigation. That restraint was, and is, necessary because litigants have a Constitutional, private right to a trial in certain actions before an Article III judge. Without consent, magistrate judges are only permitted by Congress to determine ***pretrial*** matters (even if they be dispositive).

In the instant patent litigation matter, pending before Hon. Alvin K. Hellerstein, District Judge for the Southern District of New York, Google has asserted the equitable defenses of unenforceability based on inequitable conduct and prosecution laches—matters reserved by federal law for ultimate determination by the court. In advance of a jury trial scheduled to begin on February 2, 2026, the parties filed cross-motions for summary judgment on these defenses. As set out below (and in the attached appendix), Judge Hellerstein referred the cross-motions to a magistrate judge, not only for a report and recommendations on the motions, but also to conduct a "bench trial" in the matter if necessary.

After reviewing the cross-motions for summary judgment, the magistrate judge determined that there were factual issues on the motions, and scheduled the

parties to appear before her for a "bench trial" on October 21, 2025 (with pretrial evidentiary deadlines of October 13, 2025). Petitioner filed an emergency motion asking Judge Hellerstein to vacate his referral, on the grounds that 28 U.S.C. § 636 does not authorize a magistrate judge to conduct a "bench trial" on the merits of the case related to Google's defenses without consent of the parties—which Petitioner did not give. Petitioner also moved Judge Hellerstein to stay the proceedings as to the "bench trial" if he denied the request to vacate, in order that Petitioner could seek mandamus review from an appellate court.

Judge Hellerstein denied the emergency motion to vacate his referral, and refused to stay the proceedings. Petitioner now comes to this Court seeking mandamus review in order to protect his Constitutional right to a trial on the merits by an Article III judge in this matter involving his important private rights. Petitioner also seeks an immediate stay of the proceedings in the district court related to Google's affirmative defenses (and is also filing an emergency motion for a stay with this Court).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At a status conference of July 15, 2025, both Petitioner and Google asserted their shared belief that the cross-motions for summary judgment on Google's affirmative defenses of inequitable conduct and prosecution laches could be resolved on the pleadings alone (as a matter of law), and that if any factual disputes prevented

that, then the matter should be resolved by a bench trial specifically with Judge Hellerstein. Appx070-71. No mention was made at that time by either the parties or the district judge of referral to a magistrate judge in this process. But, on August 26, 2025, after the cross-motions had been filed, District Judge Hellerstein referred the matter to Magistrate Judge Valerie Figueredo[1] for "a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)" as well as for "any bench trial that may be appropriate." Appx005.

On August 27, 2025, in a teleconference with the parties, Magistrate Judge Figueredo stated that she did not believe she could hold a "bench trial" without the parties' consent (stating that she had checked with her colleagues on the issue). Appx021.[2] For that reason, she asked the parties to notify her whether they would give such consent. See Appx045.  On August 29, 2025, Google gave its consent. *Id*. Petitioner did not consent to the magistrate judge conducting "a bench trial." Appx044. The understanding of the parties as to the nature of the functions proposed

---

[1] One day prior, on August 25, 2025, despite having had no prior involvement in these complex, multi-year, consolidated patent cases, Magistrate Judge Figueredo was newly designated to the action. Appx080.

[2] This fact is contested. Petitioner asserted this fact in his emergency motion to the district court. Appx021. In his Opinion and Order, without attribution, Judge Hellerstein held that all Magistrate Figueredo "stated was that she could not issue an opinion and order without the parties' consent." Appx070. Petitioner requested a transcript of the teleconference from the Clerk of the District Court on October 2, 2025, but has not received the same as of the filing of this petition. Due to the urgency of the situation, Petitioner chose to file this petition without awaiting the transcript.

to be carried out by Magistrate Figueredo is plainly reflected in Google's expression of consent, in that Google identified separate dates on which it was available for both "a summary judgment hearing" and "a bench trial, if necessary." Appx045 (emphasis added).

On September 2, 2025, in an *unsolicited* email message to Magistrate Figueredo, Google argued for the first time that it believed she did have authority under 28 U.S.C. § 636(b)(1)(B) to actually conduct an "evidentiary hearing" on the affirmative defenses <u>without the consent of Plaintiff</u>. Appx042-44. Plaintiff objected to Google's disregard for "proper procedure," and on the basis that the magistrate had only asked the parties to "communicate with each other about the consent issue" and the magistrate "handling a bench trial … in the event it is determined that there exist genuine issues of material fact that preclude summary judgment for either party." Appx042.

On September 16, 2025, Magistrate Figueredo's chambers sent an email to Petitioner's counsel, directing him to "hold October 21-23, 2025 in the event a bench trial were required." Appx050. In response, Petitioner's counsel "respectfully reiterated" that Petitioner had not consented to the magistrate conducting "a bench trial" and requested to be "further heard, by motion or other briefing" if the same were to proceed. *Id*.

On September 22, 2025, Magistrate Judge Figueredo entered an Order reflecting that she had scheduled a "bench trial" to be conducted on October 21-23, 2025, and scheduling a conference call for September 25, 2025. Appx007.[3] During the conference call on September 25, 2025, the magistrate judge stated that she believed there were "factual issues" on the summary judgment motions necessitating a "bench trial," and that she would not issue her report and recommendations until after the "bench trial." Appx039. Plaintiff objected that the magistrate judge did not have the authority to conduct a "bench trial," and the magistrate judge directed the parties to submit the issue to Judge Hellerstein by September 29, 2025. Appx040.

The next day (September 26, 2025), the magistrate judge issued an order directing the parties to appear for the bench trial on October 21, 2025, and set a deadline of October 13, 2025, for "objections to any contemplated exhibits." Appx009.[4] Facing that deadline in advance of the scheduled "bench trial," on September 29, 2025, Petitioner filed an emergency motion with Judge Hellerstein, requesting that he vacate his referral to the magistrate judge on the grounds that for her to conduct a "bench trial" without consent of all parties would amount to

---

[3] The matter below consolidated two separate cases (20-cv-02862 and 23-cv-08186) between the same parties and involving related patents. The ECF number of 170 for Appx007 (the September 22, 2025, Order) corresponds to its appearance on the docket of the latter case, although it was simultaneously filed on the docket of the consolidated case under ECF number 408.

[4] On the docket of the consolidated case, this Order bears ECF number 409.

6

Constitutional and statutory violations depriving Petitioner of his right to trial on the merits by an Article III judge. Appx011-37. Petitioner alternatively requested that Judge Hellerstein stay the proceedings, only as to the bench trial on Google's affirmative defenses, in order that Petitioner could file the instant writ with the proper appellate court on these important Constitutional- and statutory-right issues. *Id*.

On October 1, 2025, Judge Hellerstein issued an Opinion and Order denying Petitioner's emergency motion. Appx070-73. Judge Hellerstein's Opinion made clear that the only "bench trial" there would be on Google's affirmative defenses would be conducted by Magistrate Figueredo pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Appx071-73. Judge Hellerstein concluded by holding that he would <u>only</u> be conducting a *de novo* review of the magistrate judge's report and recommendations (which would not be issued until after the bench trial).[5] Appx073. Judge Hellerstein's Opinion and Order made no reference to staying the proceedings, and provided no justification for not staying the proceedings. Appx070-73.

Therefore, still facing pretrial deadlines of October 13, 2025 (ten days from now) in advance of the October 21, 2025 "bench trial" (eighteen days from now), Petitioner comes to seek mandamus relief from this Court. Due to the impending pretrial and trial dates for the scheduled "bench trial," Petitioner is also filing an

---

[5] Appx039.

emergency motion with this Court seeking a stay of all proceedings (including the bench trial) in the district court pertaining <u>only</u> to Google's affirmative defenses of inequitable conduct and prosecution laches.

## **LEGAL STANDARD**

Evaluation of whether mandamus is appropriate typically depends on consideration of "three conditions." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). First, the party seeking mandamus must "have no other adequate means to attain the relief he desires." *Id*. Second, that party must demonstrate that its "right to issuance of the writ is 'clear and indisputable.'" *Id*. at 381. Third, as an exercise of discretion, the court "must be satisfied that the writ is appropriate under the circumstances." *Id*. However, Petitioner is not required to demonstrate the lack of any other remedy because the circumstance implicate a clear "usurpation of judicial power" of the sort held to justify a writ of mandamus. *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 217 (1945). Mandamus is the appropriate relief from an order that "'amount[s] to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice." *In re Petition of Boehringer Ingelheim Pharms., Inc., & Boehringer Ingelheim Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, 745 F.3d 216, 219 (7th Cir. 2014). Mandamus is "particularly appropriate when the issues also have an importance beyond the immediate case." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir.

2017) (*quoting In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc)).

## ANALYSIS

This Court should intervene and reverse the District Court's *ultra vires* order as the requirements of mandamus are satisfied here. First, Petitioner's right to relief is clear and indisputable because the District Court had no power to issue its order, which strays well beyond the bounds of permissible referral under 28 U.S.C. § 636(b)(1)(B). Second, even though he need not show it (*see* Section II(A), *infra*), Petitioner has no other adequate means of relief. If a magistrate judge is permitted to conduct a bench trial on the merits of the case related to unenforceability without Petitioner's consent, it would violate his statutory and constitutional rights— exposing him to the risk of having his patents invalidated in an improper proceeding. Such a result would not only deprive Petitioner of valuable personal property rights but would also cause significant prejudice, forcing him to endure the burden and expense of an appeal after the harm has already occurred (for which there would be no financial recompense upon an eventual vindication). The prejudice is heightened by the fact that the asserted affirmative defenses involve Petitioner's sensitive medical conditions. Denying him the right to have his trial heard by an Article III judge, as required, would only compound the harm—both procedural and personal— inflicted by allowing the matter to proceed improperly before a magistrate.

Moreover, delaying review until after the improper proceeding concludes would force Weisner to endure the unnecessary and prejudicial burden of relitigating his sensitive medical conditions in a second trial. Third, mandamus is appropriate because it would provide important direction to district courts on a recurring set of facts that has not yet been addressed by this Court. And finally, mandamus is appropriate because if a magistrate judge is permitted to conduct a trial on the merits of patent rights without consent—a situation that has never been permitted or done before—this will open the flood gates for other district courts to improperly delegate their exclusive Article III powers to magistrate judge, in violation of the Constitution and statutory prohibitions.

I. **The Right to Relief Is Indisputable Because the District Court Has No Power to Refer the Matters for a "Bench Trial" by the Magistrate Judge Without Consent of the Parties.**

A. **The plain wording of 28 U.S.C. § 636(b)(1)(B) does not permit a referral to the magistrate judge to conduct a "bench trial" in this matter without consent.**

As a matter of federal law, the ultimate issues presented by the instant cross-motions (on Google's affirmative defenses of unenforceability based on inequitable conduct and prosecution laches—collectively, "Google's affirmative defenses") require the District Court to decide the equitable issues for final disposition. *See Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 541 (Fed.Cir.1990), cert. denied, 500 U.S. 918, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991). The parties agree that the

procedure which the district judge has directed the magistrate judge to conduct is a "bench trial" on the issues of Google's affirmative defenses of inequitable conduct and prosecution laches. The record establishes that fact.[6] In his order of referral, Judge Hellerstein included the wording, "and any ***bench trial*** that may be appropriate." Appx005  (emphasis added).

The district court also made clear, in its order denying Petitioner's emergency motion to vacate the referral, that he fully intends that the magistrate judge conduct the only "trial" on these issues, noting that his only role going forward will be to "conduct a *de novo* review of Magistrate Judge Figueredo's report and recommendation." Appx073.  Therefore, it is indisputable that, unless this Court intervenes, Petitioner will not receive a trial on the merits of these matters concerning his important private rights by an Article III judge. Petitioner asserts that Judge Hellerstein lacked the power under 28 U.S.C. § 636(b)(1)(B) to make such a referral, without consent.

---

[6] During the status conference before the Court on July 15, 2025, the parties and the Court were in agreement that Google's affirmative defenses present equitable issues for "a ***bench trial***." Appx070-71 (emphasis added). The Court's Order Regulating Proceedings (dated July 15, 2025) reflected that oral arguments were originally scheduled to be heard on the cross-motions on August 27, 2025, with "[a] ***bench trial on factual issues***" to follow, "if necessary." Appx002 (emphasis added). Therefore, the record clearly establishes that, should any further evidence be required in order to determine these issues, the parties and the Court all considered the same would constitute "a bench trial."

As set out in the facts above, the parties both advised the district court they believed the affirmative defenses could be resolved on summary judgment (pursuant to Fed.R.Civ.P. 56). Appx073. At the same time, both parties also agreed that, should the district court conclude the matter could not be resolved on summary judgment, then a bench trial would be necessary. *Id*. This is consistent with the federal rules of civil procedure and the law. The district court's inquiry on a motion for summary judgment is to determine whether there is a need for a trial. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*., at 250. "[T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." *Id*., at 251.

At the risk of stating the obvious, if the district court determines that there are genuine issues of material fact, that means, *ipso facto*, that "there is a genuine issue for trial." *Id*., at 248. A trial is a trial. A trial is not a pretrial matter. "[S]ummary judgment motions are usually made ***before trial*** and decided on documentary evidence, while directed verdict motions are made ***at trial*** and decided on the

evidence that has been admitted." *Id*., at 251 (emphasis added). Therefore, a "bench trial" on Google's affirmative defenses is a "trial" no matter whether Google or the district judge want to label it an "evidentiary hearing."

On a conference call with the parties on September 25, 2025, Magistrate Judge Figueredo specifically informed the parties that she believed there <u>were</u> "factual issues," and therefore she would not be issuing a report and recommendation until after "the bench trial." Appx039. Accordingly, it cannot be disputed that after considering the cross-motions for summary judgment, the magistrate judge ruled, per *Anderson*, that <u>summary judgment was not appropriate</u> and that there was a "need for a ***trial***." *Anderson*, at 250 (emphasis added).

While 28 U.S.C. § 636(b)(1)(B) permits the magistrate judge to submit a report and recommendation as to the parties' summary judgment motions, no part of it permits her to conduct a ***trial*** absent Petitioner's consent, which has not been given. The only authority for referral to the magistrate judge under § 636(b)(1)(B) is specifically in reference to "***pretrial***" matters (as that term is used in § 636(b)(1)(A)). As plainly reflected in § 636(c)(1), in order for the magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter," which would include a ***trial***, consent of the parties is <u>required</u>.

In *Gonzalez v. United States*, 553 U.S. 242 (2008), the Supreme Court succinctly listed the only statutorily permissible functions of a magistrate judge.

These include, when designated by the district judge: (1) To hear and determine "any *pretrial matter* pending before the district court, with the exception of certain specified motions;[7] (2) To "conduct hearings and propose recommendations for *those motions*, applications for post-trial criminal relief, and conditions of confinement petitions" (with reference to 28 U.S.C. § 636(b)(1));[8] and, (3) "<u>If the parties consent</u>, they may conduct misdemeanor criminal trials and *civil trials*" (with reference to § 636(a)(3)). *Id.*, at 245 (emphasis added). Accordingly, the magistrate's statutory authority to "conduct hearings and propose recommendations" under § (b)(1)(B) of the statute is expressly limited to "*those motions*" specifically excepted in § (b)(1)(A) of the statute.

Beyond those specified statutory functions, § 636(b)(3) states, "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." The Court in *Gonzalez* clearly cautioned that, "The general, nonspecific terms of [§ 636(b)(3)], preceded by text that sets out permissible duties in more precise terms, constitute a residual or general category that must not be interpreted in terms so expansive that the paragraph overshadows all that goes before." *Id.*, at 245. In other words, § 636(B)(3) must be interpreted in

---

[7] The *Gonzalez* Court did not specifically reference § (b)(1)(A) of the statute with this sentence, but this portion of the decision quotes that subdivision.

[8] While the Court referenced § (b)(1) of the statute for this function, the Court actually quoted the specific language found in §(b)(1)(B).

specific relation to the rest of the statute, and vice-versa. The "bench trial" ordered by the district judge to be conducted by the magistrate judge in this matter constitutes such an impermissible "expansion" of § 636 authority when the entire statute is read as a whole.

The balance of the *Gonzalez* decision, with specific references to the Court's prior opinions in *Gomez v. United States*, 490 U.S. 858 (1989) and *Peretz v. United States*, 501 U.S. 923 (1991), clearly refer to any function other than those specified in §§ (b)(1)(A) and (B) as "the magistrate judge's ***expanded jurisdiction***." *Gonzalez*, 553 U.S. at 245 (emphasis added). The Court in *Gonzalez* began its analysis by noting that "a critical limitation on [such] expanded jurisdiction is ***consent***." *Id.* (emphasis added).

Judge Hellerstein held that his referral for such a "bench trial" did not violate federal law and was supported by similar referrals in the matters of *Azzarmi v. 55 Fulton Mkt.*, No. 20CIV6835GBDBCM, 2023 WL 5148253 (S.D.N.Y. Aug. 10, 2023), and *McGinnis v. Crissell*, No. 913CV1538LEKDJS, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018). Appx072. However, in *Azzarmi*, the Article III judge only directed the magistrate judge to take testimony from undeposed declarants of unsworn affidavits to "determine whether [those] witnesses … [are] available for trial and can provide testimony at trial that is consistent with their unsworn declarations." *Id.*, at *6. Accordingly, the magistrate judge in *Azzarmi* was not

15

designated to conduct the ***trial*** itself, but just to receive evidence concerning whether certain witnesses would be available *for a subsequent trial*. Likewise, in *McGinnis*, the Article III judge referred a magistrate judge to conduct an evidentiary hearing to determine whether the inmate/plaintiff had exhausted his administrative remedies. *Id*., at *3. But under the PLRA (42 U.S.C. § 1997e(a)), exhaustion of administrative remedies is a jurisdictional requirement, not a determination on the merits. *Id*., at *7. The magistrate judges in *Azzarmi* and *McGinnis* were not designated without consent to conduct a trial on the merits of anything.

Judge Hellerstein also supported[9] his referral with reference to *United States v. Raddatz*, 447 U.S. 667 (1980), even though *Raddatz* only involved a ***pretrial*** suppression motion in a criminal prosecution, one of the specific "pretrial matter[s]" excepted for complete referral to a magistrate by § 636(b)(1)(B). *Id*., at 669. However, the Supreme Court pointed out that Raddatz was still free to present evidence at a subsequent trial, and that, "the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant ***at the trial itself***." *Id*., at 679 (emphasis added). Therefore, a critical and distinguishing factor between *Raddatz* and the case at bar is that Raddatz was still to be given a trial on the merits under an Article III judge *following* the function delegated to the magistrate judge.

---

[9] Appx072.

Having noted that "the interests underlying" a suppression hearing versus those implicated in a subsequent trial on "guilt or innocence" were different, the *Raddatz* Court saw fit to repeat that the guarantees of due process call for a "hearing appropriate to the nature of the case." *Id*., at 677. The Supreme Court also later specifically noted that *Raddatz* was decided on the basis that "the ultimate decision-making authority respecting all ***pretrial motions*** clearly remained with the district court." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 79 (1982) (emphasis added). Neither the Supreme Court nor any other federal court has ever held that *Raddatz* stands for the proposition that <u>a trial on the merits</u> (a "bench trial") may be conducted by the magistrate judge, without the consent of the parties, as opposed to the resolution of a <u>pretrial matter</u> which may be dispositive.

Petitioner has been unable to locate, and neither the district judge nor Google has identified, <u>any federal action</u> in which a magistrate judge was designated to conduct a ***trial on the merits*** of the case related to these affirmative defenses without consent of the parties. Not one. Petitioner asserts that is because the same is not authorized under the Constitution, federal statutes, or the rules of procedure.

If this Court does not intervene to vacate the district judge's referral order, the same unauthorized process will undoubtedly be used by subsequent judges and parties in other federal cases to authorize a brand-new procedure which has <u>never</u>

been employed before and which has <u>never</u> been authorized by Congress, in abject derivation of the individual right to trial before an Article III judge.

### B. Any construction of 28 U.S.C. § 636(b)(1)(B) to allow such referral would be improper as exceeding the scope of the power granted the district judge by Congress, and serving to deprive Petitioner of his personal right to a trial by an Article III judge.

Jurisdiction of the district court is conferred by virtue of Article III of the United States Constitution. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015). The entitlement to an Article III adjudicator is "a personal right." *Id*., at 678. By virtue of the Rules Enabling Act (28 U.S.C. § 2072), Congress regulates "the practice and procedure of federal courts, but in doing so "shall not abridge, enlarge or modify any substantive right." *Sibbach v. Wilson & Co*., 312 U.S. 1, 9–10 (1941).

As noted by the Supreme Court, "[a]djudication by consent is nothing new." *Wellness*., at 674. "Indeed during the early years of the Republic, federal courts, with the consent of the litigants, regularly referred adjudication of entire disputes to non-Article III referees, masters, or arbitrators, for entry of final judgment in accordance with the referee's report." *Id*. Nonetheless, "Congress' efforts to align the responsibilities of non-Article III judges with the boundaries set by the Constitution have not always been successful." *Wellness*, 575 U.S. at 669.  As cautioned in *Commodity Futures Trading Com'n v. Schor*,

> Federal statutes are to be so construed as to avoid serious doubt of their constitutionality. Where such serious doubts arise, a court should determine whether a construction of the statute is fairly possible by

> which the constitutional question can be avoided. It is equally true, however, that this canon of construction does not give a court the prerogative to ignore the legislative will in order to avoid constitutional adjudication. Although this Court will often strain to construe legislation so as to save it against constitutional attack, it must not and will not carry this to the point of perverting the purpose of a statute ... or judicially rewriting it.

478 U.S. 833, 841 (1985). Congress may not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty." *Stern v. Marshall*, 564 U.S. 462, 484 (2011).

"When a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,' and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." *Stern*, 564 U.S. at 484 (quoting *Northern Pipeline*, 458 U.S. at 90 (Rehnquist, J., concurring in judgment)). "The Constitution assigns that job—resolution of 'the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law'—to the Judiciary. *Id*. (*quoting Northern Pipeline*, 458 U.S. at 86–87, n. 39).

Congress could not have intended § 636(b)(1)(B) to permit a magistrate judge to conduct the sole "trial" of a matter—where evidence is taken, credibility is assessed, and factual findings are made—without the consent of the parties. On the contrary, the plain language of the statute affirmatively prohibits such a procedure.

1. **First, such an interpretation is defied by the precise wording of the statute itself.**

The district court's interpretation and application of the statute is belied by Congress' enactment of § 636(c) [which led to Fed.R.Civ.P. 73] by which, <u>with consent of the parties</u>, a magistrate judge may "conduct any or all proceedings in a jury or nonjury civil matter," which would include a trial. 28 U.S.C. § 636(c)(1). Because a separate section of 28 U.S.C. § 636 specifically addresses a trial by magistrate judges, then subsection (b) cannot be construed to extend to that scenario. If the magistrate judge can be designated under subsection (b) and Rule 72(b) to conduct a "bench trial" on the merits, <u>without consent</u>, there would have been no need for subsection (c) and Rule 73 at all.

The fact that Congress specifically chose to delineate between the magistrate judge's authority to "hear and determine ***pretrial matters***," to "conduct ***trials***," and to "conduct ***any or all proceedings*** in a jury or nonjury civil matter" in the various subdivisions of 28 U.S.C. § 636 cannot be said to have been accidental, as "it is a "fundamental principle of statutory construction … that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Yates v. United States*, 574 U.S. 528, 537 (2015). Indeed, interpreting this very statute, the Supreme Court has held that, "It is our settled policy to avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question." *Gomez*, 490 U.S. at 864.

Congress "gave explicit consideration to the issue of constitutionality" in the drafting of the statute. *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc*., 725 F.2d 537, 542 (9th Cir. 1984) (Holding that only consent by the parties cures a constitutional defect in the exercise of authority by a magistrate judge). As explained in a lengthy analysis concerning a magistrate judge's authority, the Northern District of Illinois quoted from the testimony of Judge Charles M. Metzner[10] at a 1976 hearing before the Committee on the Judiciary for the United States Senate on July 16, 1976.[11] Judge Metzner explained to Congress that the magistrate judge's authority was intentionally constrained in 28 USC § 636 "to avoid the possible constitutional objection that only an article III judge may ultimately determine the litigation." *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *3–4 (N.D. Ill. Mar. 16, 2020). <u>Congress's "intentional constraint" should be upheld in this case, not only for this matter but to prevent the "constraint" from being disregarded in future cases.</u>

**2. Second, such an interpretation would deprive Petitioner of his right to trial by an Article III judge.**

---

[10] United States District Court for the Southern District of New York, and chairman of the Judicial Conference Committee on the Administration of the Federal Magistrate System.

[11] *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *3–4 (N.D. Ill. Mar. 16, 2020) (quoting Jurisdiction of United States Magistrates, Subcomm. on Improvements in Judicial Machinery of the Comm. on the Judiciary, 6 (July 16, 1975)).

"The constitutional requirements for the exercise of the judicial power must be met at all stages of adjudication." *Northern Pipeline*, 458 U.S. at 86 n. 39. Any interpretation of the statute authorizing the procedure imposed by Judge Hellerstein would serve only to "sap the judicial power as it exists under the Federal Constitution, and to establish a government of bureaucratic character alien to our system, wherever fundamental rights depend, as not infrequently they do depend, upon the facts, and finality as to facts becomes in effect finality in law." *Id.* (*quoting Crowell v. Benson*, 285 U.S. 22, 57 (1932)).

The Supreme Court has consistently held that matters involving "private rights" may not "be removed from Art. III courts" because they "lie at the core of the historically recognized judicial power." *Northern Pipeline*, 458 U.S. at 70. Patents have long been considered a species of property. *See Brown v. Duchesne*, 19 How. 183, 197 (1856); and *Consolidated Fruit–Jar Co. v. Wright*, 94 U.S. 92, 96 (1876). As such, they are surely included within the "property" of which no person may be deprived by a State without due process of law. *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 642 (1999).

Then sitting as a judge on the Ninth Circuit, Judge Kennedy held that the rights involved in that patent case inarguably fell within those requiring determination by Article III judges. *Pacemaker Diagnostic v. Instromedix, Inc.*, 725

F.2d 537, 541 (9th Cir. 1984).[12] Plaintiff has a constitutional right to have his property rights decided by the Article III Judge, not a magistrate judge. In the matter *sub judice*, the magistrate judge clearly communicated to the parties that she believed there were "factual issues" with regard to the parties' cross-motions for summary judgment, and therefore a "bench trial" was necessary to resolve them. Yet she has no authority to conduct a bench trial without consent, and the district court has no power to designate her to do so. This is entirely consistent with Judge Metzner's explanation to Congress, as referenced in *Cage v. Harper* (*supra*), the explicit limiting language of 28 U.S.C. § 636, and the fact that the Supreme Court has only approved of magistrate judges conducting evidentiary hearings (and issuing a report and recommendations) in those enunciated pretrial matters specifically excluded in § 636(b)(1)(A)—not "bench trials".

For the Magistrate Judge in this matter to conduct the only "bench trial" on Google's Affirmative Defenses would be tantamount to ultimately determining the litigation because the District Judge has said he will only conduct a *de novo* review of the Magistrate Judge's recommendation. Appx073. Thus, the magistrate judge

---

[12] Although *Pacemaker Diagnostic* reviewed a trial on the merits of patent claims by a magistrate judge with consent of the parties, the constitutional implications were of such importance that a previous panel of the Ninth Circuit raised the issue *sua sponte* in *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 712 F.2d 1305 (9th Cir.). Later, writing for the majority of the Ninth Circuit sitting en banc, Judge Kennedy found the magistrate's conduct of a trial constitutional solely because the parties had consented. 725 F.2d at 547.

will conduct the only "trial" of these matters, and no evidence will ever be presented to an Article III judge. Such would both exceed the statutory authority of a magistrate judge and would grossly offend Article III by impermissibly removing a matter involving private rights from an Article III judge. These axioms were recently succinctly summarized by the Supreme Court in this matter of *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024) thusly,

> The Constitution prevents Congress from "withdraw[ing] from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law." *Murray's Lessee v. Hoboken Land & Improvement Co.*, 18 How. 272, 284, 15 L.Ed. 372. Once such a suit "is brought within the bounds of federal jurisdiction," an Article III court must decide it, with a jury if the Seventh Amendment applies. *Stern v. Marshall*, 564 U.S. 462, 484, 131 S.Ct. 2594, 180 L.Ed.2d 475. … On that basis, we have repeatedly explained that matters concerning private rights may not be removed from Article III courts. *Murray's Lessee*, 18 How. at 284. … If a suit is in the nature of an action at common law, then the matter presumptively concerns private rights, and adjudication by an Article III court is mandatory. *Stern*, 564 U.S. at 484, 131 S.Ct. 2594.

*Jarkesy*, 603 U.S. at 127-8.

For an Article III judge to improperly delegate authority to hear a matter properly before it amounts to "an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). Employing a rule of procedure in a manner inconsistent with the power granted thereunder causes a trial court to "exceed[] the court's Congressional mandate under the Rules Enabling Act."

*Schlagenhauf v. Holder*, 379 U.S. 104, 109 (1964). In either event, review of such an order on a petition for mandamus is appropriate in order to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (*quoting Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 at 26 (1943)).

To be clear, Petitioner does not posit that Congress erred in any way in its enactment of 28 U.S.C. § 636. Quite the contrary. As reflected above in the testimony of Judge Metzner before Congress, Congress intentionally constrained the magistrate judge's authority § 636 specifically "to avoid the possible constitutional objection that only an article III judge may ultimately determine the litigation." *Cage v. Harper*, 2020 WL 1248685, at *3–4. Congress did so by prohibiting magistrate judges from conducting "trials" without the consent of the parties. This intentional proscription is reflected in the differences between § 636(b)(1)(B) and § 636(c)— distinctions which are directly reflected in Federal Rules of Civil Procedure 72(b) and 73.

The error in these proceedings, which require the intervention of this Court, lies in the district court's interpretation and application of § 636 and Rule 72. The indisputable effect of the district judge's ruling, if not vacated by this Court, will be to deprive Petitioner of his personal right under Article III to a "trial" on the merits of a matter involving his private rights.

**II.    Petitioner is Not Required to Establish that No Adequate Relief Is Available Other than Mandamus.**

>   **A. Because the circumstances reflect a clear usurpation of judicial power, Petitioner is not required to demonstrate that no other adequate relief is available.**

"It is, of course, well settled, that the writ is not to be used as a substitute for appeal. The writ is appropriately issued, however, when there is 'usurpation of judicial power' or a clear abuse of discretion." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964). "The supplementary review power conferred on the courts by Congress in the All Writs Act is meant to be used only in the exceptional case where there is clear abuse of discretion or 'usurpation of judicial power' of the sort held to justify the writ in *De Beers Consolidated Mines v. United States*, 1945, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).

The All Writs Act cannot "be availed of to correct a mere error in the exercise of ***conceded*** judicial power. But ***when a court has no judicial power to do what it purports to do***—when its action is not mere error but usurpation of power—the situation falls precisely within the allowable use of" the Act. *De Beers*, 325 U.S. at 217 (emphasis added). As set out above, the district court "has no judicial power to do what it purports to do" in designating the magistrate judge to conduct a "bench trial" on claims to which Petitioner possesses the personal right to a trial before an Article III judge. In *La Buy v. Howes Leather Co*., 352 U.S. 249 (1957), the Supreme

26

Court affirmed a writ issued by the Seventh Circuit after finding that the district judge's referral to a master "amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." *Id*., at 256. For that reason, the Court specifically rejected the district judge's argument that mandamus was inappropriate because his order was reviewable "only on appeal and not by writ of mandamus." *Id*., at 254.

### B. Even though he need not show it, Petitioner has no other adequate means of relief.

Should this Court believe that Petitioner must establish that he has no other adequate means of relief, Petitioner asserts that indeed he has none. If a magistrate judge is permitted to conduct a bench trial on the merits of the case related to unenforceability without Petitioner's consent, it would violate his statutory and constitutional rights—exposing him to the risk of having his patents invalidated in an improper proceeding (thereby also depriving him of his Seventh Amendment right to a trial by jury on the questions of infringement). Such a result would not only deprive Petitioner of valuable personal property rights but would also cause significant prejudice, forcing him to endure the burden and expense of an appeal after the harm has already occurred (for which there would be no financial recompense upon an eventual vindication). The prejudice is heightened by the fact that the asserted affirmative defenses involve Petitioner's sensitive medical conditions. Denying him the right to have his trial heard by an Article III judge, as

required, would only compound the harm—both procedural and personal—inflicted by allowing the matter to proceed improperly before a magistrate.

## III.  Mandamus Is Otherwise Appropriate to Provide Needed Review Because the Issues Also Have a Significant Importance Beyond the Immediate Case.

Finally, not only is mandamus the only way to protect Petitioner's rights from clear violation, but the remedy is entirely appropriate here "to decide a 'basic and undecided' question when the trial court … abused its authority in applying the [Federal] Rules [of Civil Procedure]." *In re BP Lubricants USA Inc*., 637 F.3d 1307, 1313 (Fed. Cir. 2011); *see also In re Cray*, 871 F.3d at 1358–59 (Fed. Cir. 2017) (mandamus is particularly apt "when the trial court abused its discretion by applying incorrect law"); and *In re von Bulow*, 828 F.2d 94, 97 (2d Cir. 1987) ("mandamus properly lies to review [] issues of first impression"–specifically "significant novel questions of law justifying the issuance of a writ of mandamus").

In situations like this, mandamus is "particularly appropriate when the issues also have an importance beyond the immediate case." *In re Micron*, 875 F.3d at 1095 (*see also In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1291 (Fed. Cir. 2016). In the case *sub judice*, as in *Schlagenhauf* (*supra*), Petitioner is unable (and both the district court and Google have thus far failed) to locate a single case in which a district court has designated a magistrate judge to conduct a bench trial in a patent

case on the affirmative defenses of inequitable conduct or prosecution laches. This is an important factor for two reasons.

First, the complete lack of any such order by another court suggests that, *indeed*, the district court lacked the power to issue the order and that the order patently usurps judicial power. Second, due to the "absolute plague" that the defense of inequitable conduct has become, as noted by this Court in *Therasense, Inc. v. Becton, Dickinson and Co.* (649 F.3d 1276, 1279 (Fed. Cir. 2011)), if the challenged order is allowed to stand, other courts will undoubtedly follow suit. This is especially true given that magistrates are continually called on to do more and more "[g]iven the bloated dockets that district courts have now come to expect as ordinary." *Peretz v. United States*, 501 U.S. 923, 928 (1991).

The courts' continued "innovative experimentations in the use of magistrates to improve the efficient administration of the courts' dockets,"[13] must still be challenged and checked when a novel use of the magistrate exceeds the district court's power per *Schlagenhauf* (*supra*), and/or deprives the parties of a trial before the court on the basic issues involved in the litigation as in *La Buy* (*supra*). As the Second Circuit has held, relying on *Schlagenhauf*, "mandamus properly lies to review [] issues of first impression"–specifically "significant novel questions of law

---

[13] *Peretz*, 501 U.S. at 934 (citing the report of the House of Representatives on the proposed legislation that would become 28 U.S.C. § 636(b)).

justifying the issuance of a writ of mandamus." *In re von Bulow*, 828 F.2d 94, 97 (2d Cir. 1987).

If the Court does not take this opportunity to intervene, any district judge, in any federal district, in virtually any other matter involving private rights, could issue similar referrals. As a consequence, litigants would lose their right to a trial on the merits before an Article III judge, regardless of the subject matter of the case.

## IV.  Google's Affirmative Defenses Should be Tried With the Rest of the Case Merits as Part of the Jury Trial Scheduled to Begin February 2, 2026.

A jury trial on Petitioner's infringement claims and Google's invalidity defenses is scheduled to begin on February 2, 2016. While Google's equitable defenses are ultimately required to be determined according to the discretion of the district court (*See Modine*, 917 F.2d at 541), there is no requirement that they be determined <u>before</u> a jury trial on infringement. In fact, it is common for the district court not to resolve those equitable defenses until after a jury trial, even submitting to the jury questions of fact underpinning the equitable issues.

While it is clear that "inequitable conduct is an equitable issue committed to the discretion of the trial court (*see Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 876 (Fed.Cir.1988)), this Court has specifically approved of trying the entire matter to a jury, with the district court determining equitable conduct afterwards. *See Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351 (Fed. Cir. 2006). "As a practical matter, it makes no difference whether the Court assesses inequitable

conduct at the fee, rather than the trial, stage. If a court concludes at any stage of the proceedings that a party obtained a patent by way of inequitable conduct, then the patent is automatically deemed unenforceable. *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, No. 98 CIV. 7766 (PAC), 2008 WL 2787981, at *4 (S.D.N.Y. July 17, 2008), aff'd in part, rev'd in part, 607 F.3d 817 (Fed. Cir. 2010).

Therefore, while Petitioner faces the very real and imminent prospect of having his private rights adjudicated by a non-Article III judge—an outcome that violates both constitutional and statutory protections—Google risks nothing more than a change in the sequence in which equitable and legal issues are addressed. Notably, Petitioner specifically requested that Judge Hellerstein include the factual underpinnings of Google's equitable defenses in the jury trial set for February 2, 2026—an approach that would have preserved Weisner's Seventh Amendment rights and ensured consistency in fact-finding. Appx035. The court, however, denied that request. Appx073. That procedure would have been proper, particularly given the substantial factual overlap between Weisner's infringement claims and Google's affirmative defenses, including prosecution laches. Google contends that Weisner's patents should be held unenforceable based on allegations that he delayed prosecution to tailor his claims to Google's existing products. Appx075-78. Accordingly, to safeguard Weisner's Seventh Amendment rights and promote judicial efficiency, this Court should direct the district court to submit the factual

issues underlying Google's equitable defenses to the jury in the February 2, 2026, trial. Doing so would ensure consistent fact-finding, respect constitutional guarantees, and avoid the risk of duplicative or conflicting determinations.

## <u>CONCLUSION</u>

Petitioner is entitled to mandamus relief reversing the District Court's order of October 1, 2025, (and the previous order of referral) as the order amounts to a clear usurpation of judicial power in contravention of Article III. The issuance of mandamus here provides a unique opportunity to prevent this and other district courts from engaging in similar ultra vires delegations of judicial power.

Dated: October 3, 2025                    Respectfully submitted,

/s/ Aaron W. Davis                      .
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD 57730-0735
Phone: (763) 957-2397
Email: davis@valhallalegal.com

*Counsel for Petitioner Sholem Weisner*

# CERTIFICATE OF SERVICE

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
Misc. No. _____
-----------------------------------------------)
IN RE SHOLEM WEISNER,
                              *Petitioner*.
-----------------------------------------------)

I, Aaron W. Davis, Counsel for Petitioner, certify that on the 3rd day of October 2025, I served the within Petition for Writ of Mandamus and accompanying Appendix via email and Express Mail upon the following:

Karim Z. Oussayef
kouussayef@desmaraisllp.com
Jamie L. Kringstein
jkringstein@dsmaraisllp.com
Ashley DaBiere
adabiere@ dsmaraisllp.com
DESMARAISS LLP
230 Park Avenue
New York, NY 10169

Michael R. Rhodes
mrhodes@dsmaraisllp.com
Kevin Gu
kgu@dsmaraisllp.com
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, CA 94111

*Counsel for Defendant Google*

Email service is pursuant to consent between the parties.

Additionally, a copy of the Petition and Appendix has been served on the following:

Shmuel Nemanov
1361 St. John's Place, Apt. 1-B
Brooklyn, NY 11213
*Involuntary Plaintiff*

via Express Mail, by causing a copy of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service or UPS.

Additionally, a copy of the Petition and Appendix has been served on the following U.S. District Judge:

District Judge Alvin K. Hellerstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Fax: (212) 805-7942

via Express Mail, by causing a copy of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service or UPS.

Unless otherwise noted, the required copies have been filed via the Court's CM/ECF on this date.

Dated: October 3, 2025                          Respectfully submitted,

                                                /s/ Aaron W. Davis                        .
                                                Aaron W. Davis, Esq.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 21(d) because, excluding the parts of the document exempted by Fed. R. App. P.21(a)(2)(c), this document contains 7,798 words.

This document complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: October 3, 2025                    Respectfully submitted,

/s/ Aaron W. Davis                .
Aaron W. Davis, Esq.

Miscellaneous Docket No. _____

# United States Court of Appeals for the Federal Circuit

### IN RE SHOLEM WEISNER,

*Petitioner.*

On Petition for a Writ of Mandamus
to the United States District Court for the Southern District of New York
Case No. 1:20-cv-02862-AKH
Judge Alvin K. Hellerstein

### APPENDIX OF PETITIONER SHOLEM WEISNER
### IN SUPPORT OF HIS PETITION FOR WRIT OF MANDAMUS

Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD 57730-0735
Phone: (763) 957-2397
Email: davis@valhallalegal.com

*Counsel for Petitioner Sholem Weisner*

October 3, 2025

*In re: Sholem Weisner*

**Appendix to Petition for Writ of Mandamus**

**TABLE OF CONTENTS**

| Dkt. No. | Date | Description | Page No. |
|---|---|---|---|
| | | | |
| 318 | 7/15/2025 | Order Regulating Proceedings | Appx002 |
| 392 | 8/26/2025 | Order of Reference to Magistrate Judge | Appx005 |
| 170 (408) | 9/22/2025 | Order | Appx007 |
| 171 (409) | 9/26/2025 | Order | Appx009 |
| 410-411 | 9/29/2025 | Emergency Motion & Memorandum To Vacate Bench Trial With Magistrate Judge, or Alternatively To Stay the Bench Trial | Appx011 |
| 414 | 10/1/2025 | Opinion & Order Denying Emergency Motion to Vacate Referral to Magistrate Judge | Appx070 |
| 343 | 7/31/2025 | Google's Memorandum of Law In Support of Its Motion for Summary Judgment of Unenforceability Based on Inequitable Conduct and Prosecution Laches (excerpts) | Appx075 |
| n/a | 8/25/2025 | Notice of Redesignation to Another Magistrate Judge | Appx080 |

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SHOLEM WEISNER,                                     :

                                        Plaintiff,  :       **ORDER REGULATING**
                                                    :       **PROCEEDINGS**
              -against-                             :
                                                    :
                                                    :       23 Civ. 8186 (AKH)
                                                    :       20 Civ. 2862 (AKH)
GOOGLE LLC and SHMUEL NEMANOV,                      :

                        Defendant and Involuntary Party. :

---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   A status conference was held on July 15, 2025 to discuss expert discovery, motion practice, and trial scheduling:

1. Motions for summary judgment as to the affirmative defenses of inequitable conduct and prosecution laches shall be filed by July 31, 2025. Opposition briefs shall be filed by August 14, 2025. Reply briefs shall be filed by August 19, 2025. Oral argument will be held on August 27, 2025 at 2:30 p.m. in Courtroom 14D. A bench trial on factual issues pertaining to this motion, if necessary, will be held on September 11, 2025 at 10:00 a.m. in Courtroom 14D.

2. As to expert disclosures, Plaintiff shall disclose his experts (with the exception of his medical expert), including their identification and CVs (to include writings and speeches) by August 14, 2025. Defendant represented that it already made its expert disclosures. Plaintiff's expert reports as to damages and infringement shall be due by August 29, 2025, with opposition due September 30, 2025. All expert depositions shall be completed by October 31, 2025. Issues as to Plaintiff's medical expert and the schedule therefor will be discussed on August 27, 2025, following oral argument.

3. A jury trial will begin on February 2, 2026 at 10:00 a.m. The final pretrial conference will be held on January 27, 2026 at 10:30 a.m. in Courtroom 14D.

4. As to Plaintiff's pending motion to compel of July 14, 2025, Defendant shall file its opposition by July 24, 2025. Oral argument will be held on July 29, 2025 at 10:30 a.m. in Courtroom 14D.

5. Plaintiff's motion to seal of July 14, 2025 is denied since there has been insufficient justification for sealing. General descriptions about the patent may not be sealed. That a document was covered by a protective order is not justification. The motion may be renewed with respect to any personal matters and, for other items, specific justifications for specific items.

      The Clerk of Court shall terminate ECF No. 128 of 23 Civ. 8186.

SO ORDERED.

Dated:     July ⁄⁄, 2025
        New York, New York

                                ALVIN K. HELLERSTEIN
                              United States District Judge

Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                        :

SHOLEM WEISNER and              :    **ORDER OF REFERENCE TO**
SHMUEL NEMANOV,                :    **MAGISTRATE JUDGE**

                Plaintiff and Involuntary Plaintiff,   :

    -against-                           :    20 Civ. 2862 (AKH)

                                            :

GOOGLE LLC,                                 :

                                Defendant.   :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Both parties having moved for summary judgment on the affirmative defenses of

inequitable conduct and prosecution laches, *see* ECF Nos. 339 & 342, and the issues being

separable from the underlying Complaint, I hereby refer these motions, and any bench trial that

may be appropriate, to U.S. Magistrate Judge Valerie Figueredo, for a report and

recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

        Oral argument on these motions, previously set for August 27, 2025, and the

bench trial, previously set for September 11, 2025, are hereby canceled.

        SO ORDERED.

Dated:     August 26, 2025
          New York, New York             ALVIN K. HELLERSTEIN
                                      United States District Judge

1

Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SHOLEM WEISNER and SHMUEL NEMANOV,

                Plaintiff and Involuntary Plaintiff,       20-cv-02862 (AKH) (VF)

                -against-              23-cv-08186 (AKH) (VF)

GOOGLE LLC,                      **ORDER**

                    Defendant.
----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      A conference in this matter to discuss the bench trial to be held on October 21-23, 2025 is

scheduled for **Thursday, September 25, 2025 at 3 p.m.** Counsel for the parties are directed to

call Judge Figueredo's conference line at the scheduled time. Please dial **(646) 453-4442**, pass

code **[867 100 689#]**.

      **SO ORDERED.**

DATED:     New York, New York
          September 22, 2025

                        _____
                        VALERIE FIGUEREDO
                        United States Magistrate Judge

Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

SHOLEM WEISNER and SHMUEL NEMANOV,

               Plaintiff and Involuntary Plaintiff,      20-cv-02862 (AKH) (VF)

               -against-                    23-cv-08186 (AKH) (VF)

GOOGLE LLC,                        **ORDER**

               Defendant.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

As discussed at the September 25, 2025 conference, the parties are directed to submit any

objections to any contemplated exhibits by **October 13, 2025**.

To the extent the parties have any IT questions, they are directed to contact the Audio-

Visual Department at (212) 805-0134 and schedule an appointment to test the equipment in

Courtroom 26-B.

The parties are directed to appear on **October 21, 2025 at 9:00 a.m.** in Courtroom 26-B,

500 Pearl Street, New York, New York.

     **SO ORDERED.**

DATED:    New York, New York
          September 26, 2025

                      _____
                      VALERIE FIGUEREDO
                      United States Magistrate Judge

Exhibit 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SHOLEM WEISNER and SHMUEL NEMANOV )
                                                  )    Case No.:  20-cv-02862-AKH
           Plaintiff and Involuntary Plaintiff )    ("*Weisner I*")
                                                  )    Case No.:  23-cv-08186-AKH
    v.                                                   )    ("*Weisner II*")
                                                           )
GOOGLE LLC                                        )
                                                               )
          Defendant                              )
                                                               )
                                                               )

---

## NOTICE OF PLAINTIFF'S EMERGENCY MOTION AND MOTION TO VACATE BENCH TRIAL WITH MAGISTRATE JUDGE, OR ALTERANTIVELY, TO STAY THE BENCH TRIAL

---

PLEASE TAKE NOTICE that Plaintiff Sholem Weisner ("Plaintiff"), by and through counsel, hereby respectfully moves for the Court to vacate the bench trial with the Magistrate Judge on Google's affirmative defenses of inequitable conduct and prosecution laches, or alternatively that the bench trial be stayed, and for other specific relief enumerated in the accompanying Memorandum. The grounds for this emergency motion are set forth in Plaintiff's Memorandum of Law in Support of his Emergency Motion, the Declaration of Attorney Aaron W. Davis, and the accompanying exhibits listed in the Declaration of Attorney Aaron W. Davis.

Plaintiff respectfully requests that this Court issue the following order:

(1) Vacating the Magistrate Judge's Order (ECF 409) setting a bench trial on Google's Affirmative Defenses, or alternatively staying the bench trial;

(2) Ordering that the Magistrate Judge's Report and Recommendation be promptly issued so that the parties can proceed with filing their objections and responses, pursuant to Fed. R. Civ. P. 72(b);

(3)(a) Ordering that Plaintiff will be granted his right to a jury trial on all issues of fact, including those related to Google's Affiramtive Defenses, during the February 2, 2026, trial ("Jury Trial"), with the jury finding the facts and Judge Hellerstein making the equitable determinations on Google's Affirmative Defenses in a post-trial opinion, thus mooting the need for any separate bench trial; **or**

(4) In the event the Court denies the request to vacate the bench trial with the Magistrate Judge, then and in that event ordering a stay of all proceedings related to the bench trial only pending the outcome of an appeal process, as Plaintiff intends to file a Petition for Writ of Mandamus on these important Constitutional—and statutory-right issues—to the appropriate appellate court.  The jury trial set to begin February 2, 2026, would proceed as scheduled.

Dated:  September 29, 2025                    Respectfully Submitted,


                                             */s/ Aaron W. Davis*                    .
                                             Aaron W. Davis, Esq. (admitted *Pro Hac Vice*)
                                             VALHALLA LEGAL, PLLC
                                             P.O. Box 735
                                             Custer, SD 57730-0735
                                             Phone: (763) 957-2397
                                             Email: davis@valhallalegal.com

                                             Jacob Ginsburg, Esq.
                                             JACOB GINSBURG, ESQ. PLLC
                                             One Concord Drive
                                             Monsey, NY 10952
                                             Phone: (845) 371-1914
                                             Email: jg@jacobginsburglaw.com

                                             *Attorneys for Plaintiff Sholem Weisner*

Appx012

**CERTIFICATE OF SERVICE:**

This will certify that a true and accurate copy of the foregoing was filed and served

electronically on all counsel of record via the Court's CM/ECF system, on this the 29th day of

September, 2025.

/s/ Aaron W. Davis                              .
*Attorney for Plaintiff, Sholem Weisner*

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SHOLEM WEISNER and SHMUEL NEMANOV | ) | |
| | ) | Case No.: 20-cv-02862-AKH |
| Plaintiff and Involuntary Plaintiff | ) | ("*Weisner I*") |
| | ) | Case No.: 23-cv-08186-AKH |
| v. | ) | ("*Weisner II*") |
| | ) | |
| GOOGLE LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**EMERGENCY MOTION TO VACATE BENCH TRIAL WITH MAGISTRATE JUDGE,**
**OR ALTERNATIVELY, TO STAY THE BENCH TRIAL**

---

Comes the Plaintiff, SHOLEM WEISNER, by and through counsel, and provides the following Memorandum in support of his Emergency Motion to Vacate Bench Trial with Magistrate Judge, or Alternatively, to Stay the Bench Trial.

1

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………………...ii-iv

INTRODUCTION…………………………………………………………………...…..1-2

FACTUAL BACKGROUND…………...……………………………………………………….2-6

ARGUMENT………………………………………………………………………...6-16

   I.    It would be Constitutional and Statutory Violations for a Magistrate Judge to
       hold a bench trial without Plaintiff's consent……………………………………….6-14

  II.   Having a Magistrate Judge be the finder of fact in a trial without Plaintiff's
       consent would also be a violation of the Seventh Amendment………………………15-16

CONCLUSION……………………………………...…………………………………..16-17

i

## TABLE OF AUTHORITIES

**Cases:**                                                                           **Page(s)**

*Argo Turboserve Corp. v. Aero Excel Components, LLC,*
    No. 18CIV489GBDGWG, 2018 WL 6521592 (S.D.N.Y. Dec. 12, 2018)…………….…11

*Avocent Redmond Corp. v. Raritan Americas, Inc.,*
    921 F. Supp. 2d 229 (S.D.N.Y. 2013)………………………………………………….…15

*Azzarmi v. 55 Fulton Mkt.,*
    No. 20CIV6835GBDBCM, 2023 WL 5148253 (S.D.N.Y. Aug. 10, 2023)……………11

*Bankers Life & Cas. Co. v. Holland,*
    346 U.S. 379 (1953)…………………………………………………………………...16

*Beacon Theatres, Inc. v. Westover,*
    359 U.S. 500 (1959)…………………………………………………………...….……16

*Brown v. Duchesne,*
    19 How. 183 (1856)…………………………………………………………...….13

*Cage v. Harper,*
    No. 17-CV-7621, 2020 WL 1248685 (N.D. Ill. Mar. 16, 2020)……………….…..10, 13

*Commodity Futures Trading Comm'n v. Schor,*
    478 U.S. 833 (1986)…………………………………………………………………….9

*Consolidated Fruit–Jar Co. v. Wright,*
    94 U.S. 92 (1876)…………………………………………………………………….…13

*Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank,*
    527 U.S. 627 (1999)………………………………………………………...…….13

*Flex-Rest, LLC v. Steelcase, Inc.,*
    455 F.3d 1351 (Fed. Cir. 2006)………………………………………...………15

*Gomez v. United States,*
    490 U.S. 858 (1989)…..……………………………………………………8, 9, 10, 14

*Gonzalez v. United States,*
    553 U.S. 242 (2008)…………………………………………………………7, 8, 9, 14

*Holder v. Holder,*
    392 F.3d 1009 (9th Cir. 2004)……………………………………………...….11

ii

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.,*
    863 F.2d 867 (Fed.Cir.1988)……………………………………………………………..15

*La Buy v. Howes Leather Co.,*
    352 U.S. 249 (1957)……………………………………………………..………16

*McGinnis v. Crissell,*
    No. 913CV1538LEKDJS, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018)………………11

*Modine Mfg. Co. v. Allen Group, Inc.,*
    917 F.2d 538 (Fed.Cir.1990)……………………………………………………………….6

*Mullane v. Central Hanover Bank & Trust Co.,*
    339 U.S. 306 (1950)…………………………………………………………….....11

*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,*
    458 U.S. 50 (1982)……………………………………………………………12, 16

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.,*
    712 F.2d 1305 (9th Cir.)………………………………………………………..13

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.,*
    725 F.2d 537 (9th Cir. 1984)………………………………………..……10, 13

*Peretz v. United States,*
    501 U.S. 923 (1991)……………………………………………....…..8, 9

*United States v. Raddatz,*
    447 U.S. 667 (1980)…………………………………………………..……11, 12

*Roche v. Evaporated Milk Ass'n,*
    319 U.S. 21 (1943)……………………………………………….……16

*Schlagenhauf v. Holder,*
    379 U.S. 104 (1964)…………………………………………………...……16

*Telcor, Inc. v. Recoton Corp.,*
    No. 89 CIV. 6032 (LLS), 1991 WL 275498 (S.D.N.Y. Dec. 18, 1991)……………..…7, 15

*Velasquez v. Metro Fuel Oil Corp.,*
    12 F. Supp. 3d 387 (E.D.N.Y. 2014)………………………………………………..…9

*Wellness Int'l Network, Ltd. v. Sharif,*
    575 U.S. 665 (2015)……………………………………………...…..9

iii

*Yates v. United States*,
    574 U.S. 528 (2015)………………………………………………………………..10

**Rules:**                                            **Page(s)**

Fed.R.Civ.P. 39(c)(1)………………………………………………………..………15

Fed.R.Civ.P. 72……………………………………………………..………*passim*

Fed.R.Civ.P. 73……………………………………………………...…………9, 12

**Statutes:**                                         **Page(s)**

28 U.S.C. § 636………………………………………………………..*passim*

42 USC § 1997e(a)…………………………………………………………....…11

iv

## **INTRODUCTION**

This Emergency Motion is filed to protect two fundamental Constitutional (Seventh Amendment and Article III) <u>and</u> statutory rights: that a magistrate judge, without the consent of all parties, may not conduct a bench trial on the merits of affirmative defenses that are dispositive of Plaintiff's claims—specifically, Google's equitable defenses of inequitable conduct and prosecution laches (collectively, "Google' Affirmative Defenses"). The governing law, including 28 U.S.C. § 636 and the Supreme Court's consistent jurisprudence interpreting Article III of the Constitution, makes clear that magistrate judges may not conduct civil trials—bench or jury—without the express consent of all parties. Plaintiff has not consented.

Plaintiff never waived his right to a jury to *any judge* other than Judge Hellerstein – and certainly not a magistrate judge – to conduct a bench trial and decide the issues of fact related to Google's Affirmative Defenses, in which Google attempts to deprive Plaintiffs' patent property rights by discriminating against Plaintiff's sensitive medical conditions. Plaintiff was willing to have Judge Hellerstein, who is intimately familiar with the history of this case and the parties involved, adjudicate these sensitive medical issues—which are protected under the American with Disabilities Act—in a bench trial, should one be necessary. But in the absence of Judge Hellerstein presiding, Plaintiff invokes his Seventh Amendment right to have a jury determine all issues of fact—especially those involving such personal subject matter—with equitable determinations to follow thereafter by the District Judge in a post-trial opinion. To proceed otherwise would not only violate Plaintiff's statutory and constitutional rights but would impose substantial and irreparable prejudice.

Despite these objections, and without explanation as to the legal authority permitting it, the Magistrate Judge now proposes to proceed with what has been repeatedly recognized as a "bench

trial," while deferring issuance of her Report and Recommendation until *after* conducting that proceeding. Such a course of action disregards both the statutory limits of 28 U.S.C. § 636 and well-settled precedent requiring consent before a magistrate judge may conduct a civil trial on the merits. That proposed procedure impermissibly removes a dispute over private rights—here, patent-based property rights and their alleged misuse—from the adjudication of an Article III judge, in clear violation of law.

Accordingly, Plaintiff respectfully requests that the bench trial scheduled by the Magistrate Judge be vacated, that any factual issues be determined either by Judge Hellerstein or a jury, and that Plaintiff's statutory and constitutional rights be preserved. Anything less would violate fundamental principles of due process and Article III, and would massively prejudice Plaintiff in the most personal and impermissible ways.

## FACTUAL BACKGROUND

On July 15, 2025, this Court entered a scheduling order that set the briefing schedule for motion for summary judgment as to Google's affirmative defenses of inequitable conduct and prosecution. ECF 318. In that same Order, the Court also set September 11, 2025 for a bench trial "on factual issues pertaining to this motion, if necessary." *Id*.

On August 26, 2025, the Court designated the magistrate judge to provide a "Report & Recommendations" on the cross-motions, and hand-wrote "evidentiary hearing if appropriate." ECF 393 (emphasis added). On that same day, the Court issued another prepared order, included the wording, "and any **bench trial** that may be appropriate." ECF 392 (emphasis added).

On August 27, 2025, the parties participated in a teleconference with Magistrate Judge Figueredo. During that call, the Magistrate Judge stated that if she issued a Report and Recommendation that there were issues of fact precluding summary judgment for either party, that

she did not believe that she could hold a bench trial without the parties' consent. She also stated that she would issue her R&R before the trial. Google contended during the call that the Magistrate Judge **could** conduct the trial without the parties' consent but the Magistrate Judge disagreed, stating that she had checked with colleagues and she could not hold a bench trial without the parties' consent. Therefore, in advance of issuing her R&R, she asked the parties to inform her whether they would both consent to a bench trial with her. One day after the call, <u>Plaintiff respectfully informed the Magistrate Judge that he did not consent</u>. Ex. 1 at 3/8. Plaintiff therefore believed that matter was resolved: that no bench trial would be held by the Magistrate Judge because she did not have the parties' necessary consent to proceed.

But Google thereafter emailed an unsolicited and erroneous analysis to the Magistrate Judge, contending that the Magistrate Judge could hold an "evidentiary hearing" without consent. Ex. 1 at 2. Plaintiff objected to that unsolicited submission, stating that Google was incorrect but if the Magistrate Judge wanted briefing or further submissions on the issue, Plaintiff was ready to supply them. Ex. 1 at 1. No such submissions were requested.

Weeks later, on September 16, 2025, without addressing or explaining how the Magistrate Judge could proceed without Plaintiff's consent, Plaintiff was contacted by the Magistrate Judge's chambers about scheduling a bench trial in October or November 2025 with the Magistrate Judge. Ex. 2. Plaintiff reiterated his decision to not consent to a bench trial with the Magistrate Judge. On September 16, 2025, the Magistrate Judge set "[a] conference in this matter to discuss the bench trial to be held on October 21-23, 2025." ECF 408. Two days later, on September 18, 2025, Plaintiff promptly contacted Google to schedule a meet and confer on the issues raised in this Emergency Motion. Ex. 3 at 3-4/4. And Plaintiff has worked to propose a solution that make a joint letter undisputed. (Ex. 4 at 1/6.) Google has rejected Plaintiff's attempt to resolve this issue

with further Court intervention, why ever giving a reason why it does not want Plaintiff to have his Constitutional and statutory rights respected. But this is really not an issue with Google. It is about Plaintiff having his Constitutional and statutory rights infringed upon.

Furthermore, Plaintiff has been prejudiced by the Magistrate Judge acting against her own ruling that she could not hold a bench trial without consent. Within hours of finding out that the Magistrate Judge started hinting at the possibility that she may be acting against her own prior ruling that she couldn't hold the bench trial, Plaintiff has acted diligently.

To that end, on September 22, 2025, the first day Google was available, the parties met and conferred to discuss the bench trial being set in front of the Magistrate Judge. During the call, Professor Dershowitz asked Google to provide a reason why it was objecting to Plaintiff's request to have Judge Hellerstein conduct the bench trial. Plaintiff has not received any reason from Google or any Court why his right to a bench trial with an Article III Judge should be denied. Professor Dershowitz followed up, asking if the District Court agreed that any bench trial should be conducted by him, would Google object. In other words, without any real objection from Google, why couldn't this be a joint request to have Judge Hellerstein handle the bench trial? Google would not answer the question, only stating that it would consider it after receiving Plaintiff's portion of a joint-letter. Plaintiff also noted that he had a constitutional right to a trial from an Article III Judge, and that Judge Hellerstein was familiar with the parties, including Mr. Weisner and Mr. Nemanov, and the full and lengthy proceedings in this case. But the most critical issue is that Plaintiff has a Constitutional right to a bench trial with the District Judge. (See Declaration of Aaron W. Davis ("Davis Decl."), ¶ 7.)

During the conference call on September 25, 2025 on the bench trial (ECF 408), the Magistrate Judge stated that she believes there were "factual issues" on the summary-judgment

4

motions, but now that she would not issue her Report and Recommendation until *after* the bench trial.  Plaintiff objected to that procedure, as such a procedure exceeds the authority of a magistrate judge as it turns a summary-judgment R&R into a bench trial ruling.  It also deprives Plaintiff of the opportunity to show in his objections to a pre-trial Report and Recommendation that Plaintiff should in fact prevail on his summary-judgment motion and no bench trial is needed at all. (Davis Decl., ¶ 8.)

When Professor Dershowitz asked again during the conference call about whether Google would object if the District Court agreed that the bench trial should proceed with him, Google refused to answer the question unless directed to by the Magistrate Judge.  Professor Dershowitz asked the Magistrate Judge to ask Google to respond to his question, as it would help narrow the dispute.  But the Magistrate Judge stated she didn't want to get into it.  Plaintiff again raised his objections to a magistrate judge trying the case again during the conference call, with the Magistrate Judge confirming that these were serious issues but that she was not the one who could make that decision, without explaining why she was going against her first ruling that she could only proceed with the parties' consent.  She then directed the parties to file a submission with the District Court by no later than September 29, 2025.  Plaintiff also noted for the record that, respectfully, he intended to appeal the matter further if his right to a trial by the District Court was not recognized.  During the hearing, the Magistrate Judge informed the parties that she would tell Judge Hellerstein that this issue would be submitted to him today (on 9/29). (Davis Decl., ¶ 9.)

Nonetheless, the day after the hearing, one business day ago, on September 26, 2025, the Magistrate Judge issued an Order (ECF 409) setting a bench trial on Google's Affirmative Defenses, for October 21-23, 2025. Because of that issuance, which Plaintiff understood would not issue (if at all) until after Judge Hellerstein addressed these issues, Plaintiff had no choice but

5

to start the process of filing a petition for writ of mandamus to address these issues with the appropriate appellate court   Plaintiff hopes that this Court will remedy these issues before the filing of such petition is necessary.

Critically, based on the nature of the pending summary-judgment motions and the claims, there is both a statutory and a constitutional basis for finding that it is not appropriate for a magistrate judge to conduct anything that resembles a bench trial (either by its form or its practical effect).  Therefore, any bench trial on Google's Affirmative Defenses should be, as a matter of right, heard by Judge Hellerstein. If Judge Hellerstein's calendar will not permit that to occur before the February 2, 2026, jury trial, then the factual issues should be decided by the jury, with the equitable determinations made by Judge Hellerstein post-trial.  But under no circumstances is it Constitutionally or statutorily proper for a magistrate judgment to conduct a bench trial on Google's Affirmative Defenses without Plaintiff's consent.   Accordingly, Plaintiff files this Emergency Motion to seek vindication of his fundamental rights.

## **ARGUMENT**

### I.     **It would be Constitutional and Statutory Violations for a Magistrate Judge to hold a bench trial without Plaintiff's consent.**

As a matter of federal law, the ultimate issues presented by the instant cross-motions (on Google's affirmative defenses of inequitable conduct and prosecution laches (collectively, "Google's Affirmative Defenses")) require the District Court to decide the equitable issues for final disposition. *See Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 541 (Fed.Cir.1990), cert. denied, 500 U.S. 918, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991) ("The ultimate question of inequitable conduct is committed to the discretion of the district court"). During the status conference before the Court on July 15, 2025, the parties and the Court were in agreement that Google's affirmative defenses present equitable issues for "***a bench trial*** … rather than a jury

issue." *Weisner II*, ECF 140, at 9:8-11:7 (emphasis added). The Court expressed the need to "get it resolved before the trial because there should not be any evidence of this nature before the jury deciding the patent trial." *Id.*, 9:23-25.[1] The Court's Order Regulating Proceedings (dated July 15, 2025) reflected that oral arguments were originally scheduled to be heard on the cross-motions on August 27, with "[a] ***bench trial*** on factual issues" to follow, "if necessary." ECF 318 (emphasis added). Therefore, the record clearly establishes that, should any further evidence be required in order to determine these issues, the parties and the Court all consider the same to constitute "***a bench trial***" on issues not triable to the jury.

A magistrate judge is not authorized pursuant to 28 USC § 636(b)(1)(B) or Rule 72(b)(1) to conduct a bench trial without consent of the parties. There is no statutory authority for the district judge to refer the matter to the magistrate judge, under § 636(b), without the consent of the parties, to conduct a bench trial on the merits of the affirmative defenses, even if the district judge retains the obligation to accept or reject her report and recommendations. The only authority for such a referral is specifically in reference to "***pretrial***" matters (even if those may be "dispositive").

In *Gonzalez v. United States*, 553 U.S. 242 (2008), the Supreme Court succinctly listed the only statutorily permissible functions of a magistrate judge. These include, when designated by the district judge: (1) To hear and determine "any ***pretrial matter*** pending before the district court, with the exception of certain specified motions;[2] (2) To "conduct hearings and propose

---

[1] Judge Hellerstein did not provide a legal basis for not wanting "evidence of this nature" to be presented during the jury trial. Indeed, courts often allow the presentation of all the facts in a jury trial, while reserving judgment on the equitable issues for post-trial determination (based on specific factual determinations made by the jury). See, e.g., *Telcor, Inc. v. Recoton Corp.*, No. 89 CIV. 6032 (LLS), 1991 WL 275498 (S.D.N.Y. Dec. 18, 1991) (Jury found that alleged infringer had failed to prove by clear and convincing evidence that patentee did not read the patent applications before signing them, or failed to disclose material prior art, or intended to deceive the patent examiner by withholding prior art references; therefore, the court dismissed the affirmative defense following trial).

[2] The *Gonzalez* Court did not specifically reference § (b)(1)(A) of the statute with this sentence, but this portion of the decision quotes that subdivision.

recommendations for ***those motions***, applications for post-trial criminal relief, and conditions of confinement petitions" (with reference to 28 U.S.C. § 636(b)(1));[3] and, (3) "If the parties consent, they may conduct misdemeanor criminal trials and ***civil trials***" (with reference to § 636(a)(3)). *Id*., at 245 (emphasis added). Accordingly, the magistrate's statutory authority to "conduct hearings and propose recommendations" under § (b)(1)(B) of the statute is expressly limited to "***those motions***" specifically excepted in § (b)(1)(A) of the statute.[4] Beyond those specified statutory functions, § 636(b)(3) states, "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." The Court in *Gonzalez* clearly cautioned that, "The general, nonspecific terms of [§ 636(b)(3)], preceded by text that sets out permissible duties in more precise terms, constitute a residual or general category that must not be interpreted in terms so expansive that the paragraph overshadows all that goes before." *Id*., at 245. Plaintiff submits that any proposed "bench trial" conducted by the magistrate judge in this matter would constitute such an impermissible "expansion" of § 636 authority.

The balance of the *Gonzalez* decision, with specific references to the Court's prior opinions in *Gomez v. United States*, 490 U.S. 858 (1989) and *Peretz v. United States*, 501 U.S. 923 (1991), clearly refers to any function other than those specified in §§ (b)(1)(A) and (B) as "the magistrate judge's ***expanded jurisdiction***." *Gonzalez*, 553 U.S. at 245 (emphasis added). Considering the delegated task of selecting a trial jury, the Court began its analysis by noting that "a critical limitation on [such] expanded jurisdiction is consent." *Id*. (emphasis added). With reference to

---

[3] While the Court referenced § (b)(1) of the statute for this function, the Court actually quoted the specific language found in §(b)(1)(B).

[4] These excepted motions include "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

*Gomez* and *Peretz*, the Court later enunciated that, "The entitlement to an Article III adjudicator is a 'personal right' and thus ordinarily 'subject to waiver.'" *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678 (2015) (*quoting its opinion in Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 at 848 (1986).

As Google asserted in an email (Ex. 1 at 2-3/8), both the statute and the corresponding rule authorize the magistrate judge to conduct "evidentiary hearings" before issuing a report and recommendations related to dispositive motions. But as delineated with purpose in *Gonzalez*, both 28 USC § 636(b)(1) and Rule 72(b)(1)[5] authorize such designation <u>only</u> with respect to "any ***pretrial*** matter." 553 U.S. at 245. Indeed, every case relied upon by Google involved only such pretrial or other matters specifically excepted in § (b)(1)(A) of the statute–not the conduct of a bench trial as to ultimate issues of fact and law (even though they may "dispose of" the entire case). 28 USC § 636 only authorizes magistrate judges to conduct "***trials***" without consent when appropriate under 18 USC § 3401 (dealing with misdemeanor criminal offenses and certain probation violations). 28 USC § 636(a)(3). In contrast with 28 USC § 636(b)(1(B) and Rule 72(b)(1), "consent of the parties is required for proceedings under § 636(c) and Rule 73, which authorize a magistrate judge to ***preside over entire civil actions, including <u>conducting trial</u>*** and ordering the entry of judgment in a case." *Velasquez v. Metro Fuel Oil Corp*., 12 F. Supp. 3d 387, 398–99 (E.D.N.Y. 2014) (emphasis added).  But to preside over a civil trial, consent of all parties must be obtained first, which it has <u>not</u> in this case.

The fact that Congress specifically chose to delineate between the magistrate judge's authority to "hear and determine ***pretrial matters***," to "conduct ***trials***," and to "conduct ***any or all***

---

[5] The Advisory Committee Notes to Rule 72 specifically note that subdivision (b) of the rule "governs court-ordered referrals of dispositive pretrial matters and prisoner petitions challenging conditions of confinement, pursuant to statutory authorization in 28 U.S.C. § 636(b)(1)(B)."

9

*proceedings* in a jury or nonjury civil matter" in the various subdivisions of 28 U.S.C. § 636 cannot be said to have been accidental, as "it is a "fundamental principle of statutory construction … that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Yates v. United States*, 574 U.S. 528, 537 (2015). Indeed, interpreting this very statute, the Supreme Court has held that, "It is our settled policy to avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question." *Gomez*, 490 U.S. at 864.

Congress "gave explicit consideration to the issue of constitutionality" in the drafting of the statute. *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc*., 725 F.2d 537, 542 (9th Cir. 1984) (Holding that only **consent by the parties** cures a constitutional defect in the exercise of authority by a magistrate judge). As explained in a lengthy analysis concerning a magistrate judge's authority, the Northern District of Illinois quoted from the testimony of Judge Charles M. Metzner[6] at a 1976 hearing before the Committee on the Judiciary for the United States Senate on July 16, 1976.[7] Judge Metzner explained to Congress that the magistrate judge's authority was intentionally constrained in 28 USC § 636 "to avoid the possible constitutional objection that only an article III judge may ultimately determine the litigation." *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *3–4 (N.D. Ill. Mar. 16, 2020).

Tellingly, none of the cases relied upon by Google hold that a magistrate judge may be designated, without consent of the parties, to conduct a trial on the merits of a claim. Rather, every authority Google cites, and every authority Plaintiff can locate, is limited to the function of hearing

---

[6] United States District Court for the Southern District of New York, and chairman of the Judicial Conference Committee on the Administration of the Federal Magistrate System.

[7] *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *3–4 (N.D. Ill. Mar. 16, 2020) (quoting Jurisdiction of United States Magistrates, Subcomm. on Improvements in Judicial Machinery of the Comm. on the Judiciary, 6 (July 16, 1975)).

and determining those **pretrial** and other matters specifically excepted in § 636(b)(1)A) of the statute (even if it involves the conduct of an evidentiary hearing).[8]

*United States v. Raddatz*, 447 U.S. 667 (1980) involved a ruling on a **pretrial** suppression motion in a criminal prosecution, one of the specific "pretrial matter[s]" excepted for complete referral to a magistrate by § 636(b)(1)(B). *Id*., at 669. Answering a due process based constitutional challenge to the statute, the Court pointed out that Raddatz was still free to present evidence at a subsequent trial (in an attempt to persuade the jury that his confession was not, in fact, voluntary), and that the evidentiary rules in a suppression hearing were more lenient than at trial, finally concluding that, "the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself." *Id*., at 679. Therefore, an implicit distinguishing factor between *Raddatz* and the case at bar is that Raddatz would still be given a trial on the merits under an Article III judge following the function delegated to the magistrate judge. Having noted that "the interests underlying" a suppression hearing versus those implicated in a subsequent trial on "guilt or innocence" were different, the *Raddatz* Court saw fit to repeat that the guarantees of due process call for a "hearing appropriate to the nature of the case." *Id*., at 677 (*quoting Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 313 (1950).

---

[8] *Argo Turboserve Corp. v. Aero Excel Components, LLC*, No. 18CIV489GBDGWG, 2018 WL 6521592 (S.D.N.Y. Dec. 12, 2018) involved an inquest on damages following entry of default judgment by the Court (noting the determination on damages can even be made without a hearing). *Id*., at *2. *Holder v. Holder*, 392 F.3d 1009 (9th Cir. 2004) involved an evidentiary hearing on a child custody petition filed under the Hague Convention (to determine the "threshold issue" of whether the children had been wrongfully removed from Germany to the U.S.). *Id*., at 1013. In *Azzarmi v. 55 Fulton Mkt*., No. 20CIV6835GBDBCM, 2023 WL 5148253 (S.D.N.Y. Aug. 10, 2023), the Article III judge only directed the magistrate judge to take testimony from undeposed declarants of unsworn affidavits to "determine whether [those] witnesses … [are] available for trial and can provide testimony at trial that is consistent with their unsworn declarations." *Id*., at *6. In *McGinnis v. Crissell*, No. 913CV1538LEKDJS, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018), the Article III judge referred a magistrate judge to conduct an evidentiary hearing to determine whether the inmate/plaintiff had exhausted his administrative remedies. *Id*., at *3. However, under the PLRA (42 USC § 1997e(a)), exhaustion of administrative remedies is a jurisdictional requirement. *Id*., at *7.

11

If the Magistrate Judge in this matter conducts any evidentiary hearing and subsequently renders a report and recommendation as to Google's Affirmative Defenses, neither § 636(b)(1) nor Rule 72 requires a *de novo* evidentiary hearing before the district judge. To the contrary, the Court is authorized to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "***may*** also receive further evidence" in its discretion. 28 U.S.C.A. § 636(b)(1) (emphasis added). Google argues that *Raddatz* permits the Magistrate Judge to do so in this case "so long as the ultimate decision is made by the district court." *Quoting Raddatz*, 447 U.S. at 683. Yet, as later specifically delineated by the Supreme Court in declaring the Bankruptcy Act of 1978 unconstitutional, *Raddatz* was decided on the basis that "the ultimate decision-making authority respecting all ***pretrial motions*** clearly remained with the district court." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 79 (1982) (emphasis added). Neither the Supreme Court nor any other federal court has ever held that *Raddatz* stands for the proposition that a trial ***on the merits*** may be conducted by a magistrate judge, without the consent of the parties. Plaintiff submits this has never happened because the only authority for doing so is found within § 636(c)[9] and its corollary in Rule 73.[10]

The reason no court has ever deprived a litigant of a trial on the merits by a magistrate judge, without consent, is rooted in Article III of the Constitution. The Supreme Court has consistently held that matters involving "private rights" may not "be removed from Art. III courts" because they "lie at the core of the historically recognized judicial power." *Northern Pipeline*, 458

---

[9] Notwithstanding any provision of law to the contrary--(1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. 28 U.S.C.A. § 636(c).

[10] When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial. Fed. R. Civ. P. 73(a).

12

U.S. at 70. Patents have long been considered a species of property. *See Brown v. Duchesne*, 19 How. 183, 197, 15 L.Ed. 595 (1856) ("For, by the laws of the United States, the rights of a party under a patent are his private property"); *cf., Consolidated Fruit–Jar Co. v. Wright,* 94 U.S. 92, 96, 24 L.Ed. 68 (1876) ("A patent for an invention is as much property as a patent for land"). As such, they are surely included within the "property" of which no person may be deprived by a State without due process of law. *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 642, 119 S. Ct. 2199, 2208, 144 L. Ed. 2d 575 (1999). Then sitting as a judge on the Ninth Circuit, Judge Kennedy held that the rights involved in that patent case inarguably fell within those requiring determination by Article III judges. *Pacemaker Diagnostic*, 725 F.2d at 541.[11] Plaintiff has a constitutional right to have his property rights decided by the Article III Judge, not a magistrate judge.

This is consistent with Judge Metzner's explanation to Congress, as referenced in *Cage v. Harper* (*supra*), the explicit limiting language of 28 U.S.C. § 636, and the fact that the Supreme Court has only approved of magistrate judges conducting evidentiary hearings (and issuing a report and recommendations) in those enunciated ***pretrial matters*** specifically excluded in § 636(b)(1)(A). For the Magistrate Judge in this matter to conduct any evidentiary hearings or bench trials related to the cross-motions on Google's Affirmative Defenses would be tantamount to ultimately determining the litigation because the District Judge would not be ***required*** to conduct its own hearing or trial before making a *de novo* determination whether to accept or reject the Magistrate Judge's recommendation. Such would both exceed the statutory authority of a

---

[11] Although *Pacemaker Diagnostic* reviewed a trial on the merits of patent claims by a magistrate judge with consent of the parties, the constitutional implications were of such importance that a previous panel of the Ninth Circuit raised the issue *sua sponte* in *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc*., 712 F.2d 1305 (9th Cir.). Later, writing for the majority of the Ninth Circuit sitting *en banc*, Judge Kennedy found the magistrate's conduct of a trial constitutional <u>solely because the parties had consented</u>. 725 F.2d at 547.

magistrate judge, and would grossly offend Article III by impermissibly removing a matter involving private rights from an Article III judge.

It matters not that the District Court would ultimately retain the duty and authority to enter any final judgment, because the procedure authorizing that scheme is specifically limited to "***those pretrial matters***." *Gonzalez*, 553 U.S. at 245. According to the "settled policy" of the Supreme Court, this Court must interpret and apply § 636 so as to avoid "engender[ing] constitutional issues if a reasonable alternative interpretation poses no constitutional question." *Gomez*, 490 U.S. at 864. For all of the reasons stated hereinabove, a plain reading of the cases that Plaintiff's "interpretation" – which fundamentally differs from Google's – is the one the Court must adopt and apply, specifically to avoid any constitutional injury.

The record is clear that the parties and the Court considered that if any additional evidence was needed on these issues, the taking of that evidence would constitute a "***bench trial***" on issues not triable to the jury. Without the consent of the parties, the Magistrate Judge may not be designated to conduct any "trial" on Google's Affirmative Defenses (even if it is called an "evidentiary hearing"). There is no statutory authority for doing so because § 636(b)(1)(B) only pertains to those ***pretrial matters*** excepted in (b)(1)(A). A bench trial on issues not triable to the jury is <u>not</u> a pretrial matter, even if currently framed in the context of cross-motions for summary judgment, and even though the Court may desire that the issue be decided <u>before</u> the jury trial commences. The statutory powers enumerated in the various sections of § 636 are intentionally segregated so as not to deprive Plaintiff his constitutional right to have private matters such as this one determined by an Article III judge. Without his consent, if these issues are to be decided other than on the pleadings, Plaintiff, respectfully, has a right for the issues to be decided in a trial conducted by an Article III judge, which the Magistrate Judge is not.

14

## II.     Having a Magistrate Judge be the finder of fact in a trial without Plaintiff's consent would also be a violation of the Seventh Amendment.

The Seventh Amendment of the Constitution also requires that in suits at common law, the right to trial by jury "shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States."  When read together with Article III of the Constitution, it is clear that the framers of the Constitution solely authorized Article III Courts to conduct trials, absent the consent of the parties.

As noted above, there is no legal basis for a trial on these affirmative defenses to be conducted before a jury trial on all other issues. Some courts conduct a bench trial on these issues before any jury trial, if the issues cannot be resolved on the summary judgment pleadings, as was done (for example) in *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 921 F. Supp. 2d 229, 231 (S.D.N.Y. 2013) (With the Court issuing both findings of fact and conclusions of law). Still, some elect to present all the evidence to a jury, seeking jury determinations on fact questions underlying the equitable issues, and rendering judgment on the equitable issues post-trial, as was done (for example) in *Telcor, Inc. v. Recoton Corp.*, No. 89 CIV 6032 (LLS), 1991 WL 275498 (S.D.N.Y. Dec. 18, 1991) (Jury found that alleged infringer had failed to prove by clear and convincing evidence the facts underlying inequitable conduct; therefore, the court dismissed the affirmative defense following trial).

Thus, while it is clear that "inequitable conduct is an equitable issue committed to the discretion of the trial court (*see Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 876 (Fed.Cir.1988)), the Federal Circuit has specifically approved of trying the entire matter to a jury, with the Court determining equitable conduct afterwards. *See Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351 (Fed. Cir. 2006). Fed.R.Civ.P. 39(c)(1) also specifically allows the Court to "try any issue with an advisory jury," and it has long been held that, "under the Federal Rules the

15

same court may try both legal and equitable causes in the same action." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959). What matters most, and cannot be ignored, in a case involving both legal and equitable causes, is the fundamental right of a party to have the legal claims tried to a jury. *Beacon Theatres*, 359 U.S. at 504.

Matters of private rights simply may not be removed from Article III courts, because they "lie at the core of the historically recognized judicial power." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 70 (1982). For an Article III judge to delegate authority to hear a matter properly before it amounts to "an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." *La Buy v. Howes Leather Co*., 352 U.S. 249, 256 (1957). Employing a rule of procedure in a manner inconsistent with the power granted thereunder can also cause a trial court to "exceed[] the court's Congressional mandate under the Rules Enabling Act." *Schlagenhauf v. Holder*, 379 U.S. 104, 109 (1964). In either event, review of such an order on a petition for mandamus is appropriate in order to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (*quoting Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 at 26 (1943)).

## **CONCLUSION**

Plaintiff never waived his right to a jury to *any judge* other than Judge Hellerstein – and certainly not a magistrate judge – to conduct a bench trial and decide the issues of fact related to Google's Affirmative Defenses, in which Google attempts to deprive Plaintiffs' patent property rights by discriminating against Plaintiff's sensitive medical conditions. Plaintiff was willing to have <u>Judge Hellerstein only</u> decide the factual issues related to Google's Affirmative Defenses due to the Court's familiarity with the parties, and because of the sensitive nature of the medical

conditions at issue. But Plaintiff never consented to having a magistrate judge or any other judge decide those issues. Therefore, if Judge Hellerstein is not going to decide the factual issues, Plaintiff demands his Seventh Amendment right for the factual issues to be decided by a jury along with the other case issues, with Judge Hellerstein making the equitable determinations in an opinion post-trial. To deprive Plaintiff of his Constitutional and statutory rights is extremely prejudicial to Plaintiff, which cannot stand.

Therefore, Plaintiff respectfully requests that:

(1) the Magistrate Judge's Order (ECF 409) setting a bench trial on Google's Affirmative Defenses be vacated, or alternatively that the bench trial be stayed;

(2) the Magistrate Judge's Report and Recommendation be promptly issued so that the parties can proceed with filing their objections and responses, pursuant to Fed. R. Civ. P. 72(b);

(3) Plaintiff be granted his right to a jury trial on all issues of fact, including those related to Google's Affiramtive Defenses, during the February 2, 2026 trial ("Jury Trial"), with the jury finding the facts and Judge Hellerstein making the equitable determinations on Google's Affirmative Defenses in a post-trial opinion, thus mooting the need for any separate bench trial; **or**

(4) if Plaintiff's request for the bench trial with the Magistrate Judge to be vacated is denied, the Court stay all proceedings related to the bench trial only pending the outcome of that appeal process, as Plaintiff intends to file a writ of prohibition on these important Constitutional- and statutory-right issues to the appropriate appellate court. The jury trial set to begin February 2, 2026 would proceed as scheduled.

To be totally transparent, Plaintiff respectfully notes that he is presently working on a writ of prohibition on these issues, and will file it yet this week if the infringement of his Constitutional and statutory rights is not remedied by the Court.

17

Dated:  September 29, 2025          Respectfully Submitted,


/s/ Aaron W. Davis            .
Aaron W. Davis, Esq. (admitted *Pro Hac Vice*)
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD 57730-0735
Phone: (763) 957-2397
Email: davis@valhallalegal.com

Jacob Ginsburg, Esq.
JACOB GINSBURG, ESQ. PLLC
One Concord Drive
Monsey, NY 10952
Phone: (845) 371-1914
Email: jg@jacobginsburglaw.com

Of Counsel on Legal Issues:
Alan M. Dershowitz, Esq. (admitted *Pro Hac Vice*)
1500 Ocean Drive
Miami Beach, FL  33139
Email:  alandersh@gmail.com

*Attorneys for Plaintiff Sholem Weisner*

18

**CERTIFICATE OF SERVICE:**

This will certify that a true and accurate copy of the foregoing was filed and served electronically on all counsel of record via the Court's CM/ECF system, on this the 29th day of September, 2025.

/s/ Aaron W. Davis_____.
*Attorney for Plaintiff, Sholem Weisner*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHOLEM WEISNER and SHMUEL NEMANOV | ) | |
| | ) | Case No.: 20-cv-02862-AKH |
| Plaintiff and Involuntary Plaintiff | ) | ("*Weisner I*") |
| | ) | Case No.: 23-cv-08186-AKH |
| v. | ) | ("*Weisner II*") |
| | ) | |
| GOOGLE LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

---

## DECLARATION OF AARON W. DAVIS IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO VACATE BENCH TRIAL WITH MAGISTRATE JUDGE, OR ALTERNATIVELY TO STAY THE BENCH TRIAL

I, Aaron W. Davis, do hereby state and declare as follows:

1.      I am one of the attorneys for Plaintiff Sholem Weisner in this proceeding.  I am over 18 years of age and have personal knowledge of the matters stated herein.  I am submitting this Declaration in Support of Plaintiff Weisner's Emergency Motion to Vacate Bench Trial with Magistrate Judge, or Alternatively, to Stay the Bench Trial.

2.      Attached hereto and incorporated herein as **Exhibit 1** are true and correct copies of correspondence regarding a bench trial with the Magistrate Judge.

3.      Attached hereto and incorporated herein as **Exhibit 2** are true and correct copies of correspondence with the Magistrate Judge's chambers regarding a bench trial.

4.      Attached hereto and incorporated herein as **Exhibit 3** are true and correct copies of correspondence with Google regarding a bench trial with the Magistrate Judge.

5.      Attached hereto and incorporated herein as **Exhibit 4** is a true and correct copy of correspondence with the Magistrate Judge's chambers regarding a bench trial.

6.      Attached hereto and incorporated herein as **Exhibit 5** are true and correct copies of correspondence with Google regarding a bench trial with the Magistrate Judge.

7.      On September 22, 2025, the first day Google was available, the parties met and conferred to discuss the bench trial being set in front of the Magistrate Judge.  During the call, Professor Dershowitz asked Google to provide a reason why it was objecting to Plaintiff's request to have Judge Hellerstein conduct the bench trial.  Plaintiff has not received any reason from Google or any Court why his right to a bench trial with an Article III Judge should be denied.  Professor Dershowitz followed up, asking if the District Court agreed that any bench trial should be conducted by him, would Google object.  In other words, without any real objection from Google, why couldn't this be a joint request to have Judge Hellerstein handle the bench trial?  Google would not answer the question, only stating that it would consider it after receiving Plaintiff's portion of a joint-letter.  Plaintiff also noted that he had a constitutional right to a trial from an Article III Judge, and that Judge Hellerstein was familiar with the parties, including Mr. Weisner and Mr. Nemanov, and the full and lengthy proceedings in this case.  <u>But the most critical issue is that Plaintiff has a Constitutional right to a bench trial with the District Judge.</u>

8.      During the conference call on September 25, 2025 on the bench trial (ECF 408), the Magistrate Judge stated that she believes there were "factual issues" on the summary-judgment motions, but now that she would not issue her Report and Recommendation until *after* the bench trial.  Plaintiff objected to that procedure, as such a procedure exceeds the authority of a magistrate judge as it turns a summary-judgment R&R into a bench trial ruling.  It also deprives Plaintiff of the opportunity to show in his objections to a pre-trial Report and Recommendation that Plaintiff should in fact prevail on his summary-judgment motion and no bench trial is needed at all. Ex. 4 at 1.

9.     When Professor Dershowitz asked again during the conference call about whether Google would object if the District Court agreed that the bench trial should proceed with him, Google refused to answer the question unless directed to by the Magistrate Judge.  Professor Dershowitz asked the Magistrate Judge to ask Google to respond to his question, as it would help narrow the dispute.  But the Magistrate Judge stated she didn't want to get into it.  Plaintiff again raised his objections to a magistrate judge trying the case again during the conference call, with the Magistrate Judge confirming that these were serious issues but that she was not the one who could make that decision, without explaining why she was going against her first ruling that she could only proceed with the parties' consent.  She then directed the parties to file a submission with the District Court by no later than September 29, 2025.  Plaintiff also noted for the record that, respectfully, he intended to appeal the matter further if his right to a trial by the District Court was not recognized.  During the hearing, the Magistrate Judge informed the parties that she would tell Judge Hellerstein that this issue would be submitted to him today (on 9/29).

10.     As noted above, the parties met and conferred on the issues raised in this Emergency Motion on September 22, 2025.

### VERIFICATION

UNDER PENALTIES OF PERJURY OF THE UNITED STATES OF AMERICA, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE AND CORRECT.

Dated:  September 29, 2025                    */s/ Aaron W. Davis*
                                             Aaron W. Davis

CERTIFICATE OF SERVICE:

This will certify that a true and accurate copy of the foregoing was filed and served electronically on all counsel of record via the Court's CM/ECF system, on this the 29th day of September, 2025.

/s/ Aaron W. Davis                    .
*Attorney for Plaintiff, Sholem Weisner*

 Outlook

---

## Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**From** Aaron Davis <davis@valhallalegal.com>

**Date** Tue 9/2/2025 11:08 AM

**To** FigueredoNYSDChambers@nysd.uscourts.gov <FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>

**Cc** Karim Oussayef <koussayef@desmaraisllp.com>; Ashley DaBiere <adabiere@desmaraisllp.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; Kevin Gu <kgu@desmaraisllp.com>; Jamie Kringstein <jkringstein@desmaraisllp.com>; Penina Green <pgreen@sternschurin.com>; Michael Rhodes <mrhodes@desmaraisllp.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>; wniro@agdglaw.com <wniro@agdglaw.com>; Alan Dershowitz <alandersh@gmail.com>

**Bcc** Aaron Davis <davis@valhallalegal.com>

---

Your Honor,

This is the second time Google has disregarded proper procedure regarding this Court's question on the parties' consent (or lack thereof) to a bench trial by this Court.

First, Google ignored Your Honor's instructions that the parties were to communicate with each other about the consent issue and get back to the Court by today, with a joint email on whether both parties consent to Your Honor handling a bench trial on Google's affirmative defenses of inequitable conduct and prosecution laches, in the event it is determined that there exist genuine issues of material fact that preclude summary judgment for either party. Google instead sent last Friday a unilateral email without seeking or including Plaintiff's position.

Now, Google makes an unsolicited argument — that Plaintiff entirely disagrees with — on an issue that this Court never asked for input about and in a manner which violates proper procedure. If the Court desires briefing on this at some point, Plaintiff will certainly provide its detailed position. But Google's attempt to unilaterally start back-and-forth "email briefing" on an unsolicited subject should be rejected.

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

Ex. 1

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Tuesday, September 2, 2025 6:30 AM
**To:** Aaron Davis <davis@valhallalegal.com>; FigueredoNYSDChambers@nysd.uscourts.gov <FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Cc:** Ashley DaBiere <ADaBiere@desmaraisllp.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; Kevin Gu <KGu@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Penina Green <pgreen@sternschurin.com>; Michael Rhodes <MRhodes@desmaraisllp.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>; wniro@agdglaw.com <wniro@agdglaw.com>; Alan Dershowitz

Appx042

<alandersh@gmail.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

Dear Magistrate Judge Figueredo,

Google contends that, even without party consent, Your Honor has the authority to (1) hear the summary judgment motions on Google's affirmative defenses of inequitable conduct and prosecution laches, and (2) if necessary, hold an evidentiary hearing with live witnesses to make any proposed findings of fact necessary to resolve those defenses. In both cases, Your Honor would submit a report and recommendation to Judge Hellerstein, who would have the authority to make the ultimate determination on those issues.

Under 28 U.S.C. § 636(b)(1)(A), magistrate judges cannot hear and "determine" dispositive motions, such as a "motion … for summary judgment." However, under § 636(b)(1)(B), a judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court" of such motions.

Federal Rule of Civil Procedure 72(b)(1) is the corresponding Federal Rule and makes clear that a magistrate judge can "***without the parties' consent*** hear a pretrial matter ***dispositive of a claim or defense.***" The rule explicitly references the ability to hold "***evidentiary proceedings***" and "enter a recommended disposition, ***including, if appropriate, proposed findings of fact***." The text of 72(b)(1) is set forth below:

> "(1) Findings and Recommendations. ***A magistrate judge must promptly conduct the required proceedings when assigned, <u>without the parties' consent</u>, to hear a pretrial matter <u>dispositive of a claim or defense</u>*** or a prisoner petition challenging the conditions of confinement. A record must be made of all ***evidentiary proceedings*** and may, at the magistrate judge's discretion, be made of any other proceedings. ***The magistrate judge must enter a recommended disposition, including, if appropriate, <u>proposed findings of fact</u>.*** The clerk must immediately serve a copy on each party as provided in Rule 5(b)."

The Supreme Court explicitly approved having a magistrate hear and weigh evidence to make a recommendation for an Article III judge under the dispositive motion provision of § 636(b)(1)(B). *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (as noted in the dissent, this was an "unconsented referral" to a magistrate). More recently, a court in this district overruled an objection to having a magistrate hold an evidentiary hearing and issue a report and recommendation. *Argo Turboserve Corp. v. Aero Excel Components, LLC*, No. 18CIV489GBDGWG, 2018 WL 6521592, at *2 (S.D.N.Y. Dec. 12, 2018). Courts in other jurisdictions likewise find that magistrate judges have the authority to hold evidentiary hearings under § 686(b)(1)(B) and that "[n]o consent is required in these circumstances." *Holder v. Holder*, 392 F.3d 1009, 1013, 1021–22 (9th Cir. 2004). Respected commentators, such as Wright & Miller on Federal Practice and Procedure, evince the same understanding. *See* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3070 (3d ed. 2008); *see also id.* § 3070.2.

Two recent New York district court cases demonstrate this authority. In *Azzarmi v. 55 Fulton Mkt.*, the Article III judge received a "Report and Recommendation … recommending that this Court deny both parties' motions for summary judgment" and subsequently "RECOMMIT[ED]" both motions to Magistrate Judge Moses for further development of the factual record pursuant

to Fed. R. Civ. P. 56(e)(1) and 28 U.S.C. § 636(b)(1)(C) … [and] to hold an evidentiary hearing in order to take testimony from Plaintiff's witnesses Stephanie Acosta, Teresa Sorrento, and Anthony Russo." *Azzarmi v. 55 Fulton Mkt.*, No. 20CIV6835GBDBCM, 2023 WL 5148253, at *1 (S.D.N.Y. Aug. 10, 2023). In *McGinnis v. Crissell*, the Article III judge referred a dispositive issue to a magistrate judge, reviewed the resulting report and recommendation, adopted the "well-reasoned conclusion that Plaintiff has raised a triable issue of material fact regarding whether his failure to exhaust was excused," and then referred the issue to the same magistrate judge "to conduct an evidentiary hearing regarding Plaintiff's exhaustion of administrative remedies." *McGinnis v. Crissell*, No. 913CV1538LEKDJS, 2018 WL 3970668, at *3 (N.D.N.Y. Aug. 20, 2018).

Google is available at Your Honor's convenience to submit additional briefing on this issue.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY  10169
(212) 351-3427

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, August 29, 2025 4:40 PM
**To:** FigueredoNYSDChambers@nysd.uscourts.gov; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Cc:** Ashley DaBiere <ADaBiere@desmaraisllp.com>; Karim Oussayef <KOussayef@desmaraisllp.com>; mmoskowitz@ostrolenk.com; Kevin Gu <KGu@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Penina Green <pgreen@sternschurin.com>; Michael Rhodes <MRhodes@desmaraisllp.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>; wniro@agdglaw.com; Alan Dershowitz <alandersh@gmail.com>
**Subject:** [Ext] Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

---

Your Honor,

Pursuant to Your Honor's instructions at the August 27, 2025 conference, the parties were to communicate with each other about the consent issue and get back to the Court by September 2, 2025, with a joint email on whether both parties consent to Your Honor handling a bench trial on Google's affirmative defenses of inequitable conduct and prosecution laches, in the event it is determined that there exist genuine issues of material fact that preclude summary judgment for either party.  Google did not do that, instead sending a unilateral email without seeking or including Plaintiff's position.

With the utmost consideration, Plaintiff respectfully declines to consent to a bench trial before Your Honor on Google's affirmative defenses of inequitable conduct and prosecution laches.

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Friday, August 29, 2025 2:07 PM
**To:** FigueredoNYSDChambers@nysd.uscourts.gov <FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com <jolin@skiermontderby.com>; kpotere@skiermontderby.com <kpotere@skiermontderby.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; wniro@agdglaw.com <wniro@agdglaw.com>; jg@jacobginsburglaw.com <jg@jacobginsburglaw.com>; pgreen@sternschurin.com <pgreen@sternschurin.com>; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

Dear Magistrate Judge Figueredo,

Pursuant to the August 27, 2025 conference, Google consents to proceed before Your Honor on Google's defenses of Inequitable Conduct and Prosecution Laches. Google is available for a summary judgment hearing on September 4-5, 8-12, 15, 17, 19, 22, 24, and 29-30. Google is available for a bench trial, if necessary, on September 22, 24, 29-30, and October 3, 8-10, and 20-24.

For reference, the final pretrial conference is scheduled for January 27, 2026 and a two-week jury trial is scheduled for February 2, 2026. D.I. 318.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3427

**From:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Sent:** Wednesday, August 27, 2025 9:50 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>; Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com; kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com; pgreen@sternschurin.com; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** [Ext] RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

Please see below dial-in information for today at 4 PM EST.

### Dial in by phone

+1 646-453-4442,,973043423# United States, New York City
Find a local number
Phone conference ID: 973 043 423#

Appx045

**From:** Karim Oussayef <[KOussayef@desmaraisllp.com](mailto:KOussayef@desmaraisllp.com)>
**Sent:** Wednesday, August 27, 2025 9:37 AM
**To:** Aaron Davis <[davis@valhallalegal.com](mailto:davis@valhallalegal.com)>; Rebecca O'Neill <[Rebecca_Oneill@nysd.uscourts.gov](mailto:Rebecca_Oneill@nysd.uscourts.gov)>;
[jolin@skiermontderby.com](mailto:jolin@skiermontderby.com); [kpotere@skiermontderby.com](mailto:kpotere@skiermontderby.com); [mmoskowitz@ostrolenk.com](mailto:mmoskowitz@ostrolenk.com); [wniro@agdglaw.com](mailto:wniro@agdglaw.com);
[jg@jacobginsburglaw.com](mailto:jg@jacobginsburglaw.com); [pgreen@sternschurin.com](mailto:pgreen@sternschurin.com); Ashley DaBiere <[ADaBiere@desmaraisllp.com](mailto:ADaBiere@desmaraisllp.com)>; Jamie
Kringstein <[JKringstein@desmaraisllp.com](mailto:JKringstein@desmaraisllp.com)>; Kevin Gu <[KGu@desmaraisllp.com](mailto:KGu@desmaraisllp.com)>; Michael Rhodes
<[MRhodes@desmaraisllp.com](mailto:MRhodes@desmaraisllp.com)>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

 CAUTION - EXTERNAL:


Yes, Defendant Google is available.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY  10169
(212) 351-3427

**From:** Aaron Davis <[davis@valhallalegal.com](mailto:davis@valhallalegal.com)>
**Sent:** Wednesday, August 27, 2025 9:31 AM
**To:** Rebecca O'Neill <[Rebecca_Oneill@nysd.uscourts.gov](mailto:Rebecca_Oneill@nysd.uscourts.gov)>; Karim Oussayef <[KOussayef@desmaraisllp.com](mailto:KOussayef@desmaraisllp.com)>;
[jolin@skiermontderby.com](mailto:jolin@skiermontderby.com); [kpotere@skiermontderby.com](mailto:kpotere@skiermontderby.com); [mmoskowitz@ostrolenk.com](mailto:mmoskowitz@ostrolenk.com); [wniro@agdglaw.com](mailto:wniro@agdglaw.com);
[jg@jacobginsburglaw.com](mailto:jg@jacobginsburglaw.com); [pgreen@sternschurin.com](mailto:pgreen@sternschurin.com); Ashley DaBiere <[ADaBiere@desmaraisllp.com](mailto:ADaBiere@desmaraisllp.com)>; Jamie
Kringstein <[JKringstein@desmaraisllp.com](mailto:JKringstein@desmaraisllp.com)>; Kevin Gu <[KGu@desmaraisllp.com](mailto:KGu@desmaraisllp.com)>; Michael Rhodes
<[MRhodes@desmaraisllp.com](mailto:MRhodes@desmaraisllp.com)>
**Subject:** [Ext] Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the
sender and have confidence the content is safe.**


Plaintiff Weisner is, yes.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
[davis@valhallalegal.com](mailto:davis@valhallalegal.com)

**From:** Rebecca O'Neill <[Rebecca_Oneill@nysd.uscourts.gov](mailto:Rebecca_Oneill@nysd.uscourts.gov)>
**Sent:** Wednesday, August 27, 2025 7:29:23 AM
**To:** Karim Oussayef <[KOussayef@desmaraisllp.com](mailto:KOussayef@desmaraisllp.com)>; Aaron Davis <[davis@valhallalegal.com](mailto:davis@valhallalegal.com)>;
[jolin@skiermontderby.com](mailto:jolin@skiermontderby.com) <[jolin@skiermontderby.com](mailto:jolin@skiermontderby.com)>;

kpotere@skiermontderby.com <kpotere@skiermontderby.com>;
mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; wniro@agdglaw.com <wniro@agdglaw.com>;
jg@jacobginsburglaw.com <jg@jacobginsburglaw.com>; pgreen@sternschurin.com <pgreen@sternschurin.com>;
Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu
<KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

Thank you. Are the parties available today at 4 PM?

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Tuesday, August 26, 2025 4:48 PM
**To:** Aaron Davis <davis@valhallalegal.com>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>;
jolin@skiermontderby.com; kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com;
jg@jacobginsburglaw.com; pgreen@sternschurin.com; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie
Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes
<MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

   **CAUTION - EXTERNAL:**

Dear Ms. O'Neill,

Defendant Google is also available on Wednesday afternoon.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3427

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Tuesday, August 26, 2025 4:42 PM
**To:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; jolin@skiermontderby.com;
kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com;
pgreen@sternschurin.com; Karim Oussayef <KOussayef@desmaraisllp.com>; Ashley DaBiere
<ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu
<KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** [Ext] Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the
sender and have confidence the content is safe.**

---

Dear Ms. O'Neill,

Thank you for your message. Plaintiff and his counsel are available for a telephone call with Magistrate
Judge Valerie Figueredo on Wednesday afternoon.

Appx047

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Sent:** Tuesday, August 26, 2025 2:14 PM
**To:** Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com <jolin@skiermontderby.com>;
kpotere@skiermontderby.com <kpotere@skiermontderby.com>;
mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; wniro@agdglaw.com <wniro@agdglaw.com>;
jg@jacobginsburglaw.com <jg@jacobginsburglaw.com>; pgreen@sternschurin.com <pgreen@sternschurin.com>;
koussayef@desmaraisllp.com <koussayef@desmaraisllp.com>;
adabiere@desmaraisllp.com <adabiere@desmaraisllp.com>;
jkringstein@desmaraisllp.com <jkringstein@desmaraisllp.com>;
kgu@desmaraisllp.com <kgu@desmaraisllp.com>; mrhodes@desmaraisllp.com <mrhodes@desmaraisllp.com>
**Subject:** Weisner v. Google, 20-CV-2862 - Brief Meeting

Hi all,

This case has just been referred to Magistrate Judge Valerie Figueredo. Are the parties
available to briefly touch base via telephone on Wednesday afternoon, Thursday afternoon, or
Friday morning of this week? No substantive preparation will be required. Thank you.

Rebecca O'Neill
Law Clerk for the Hon. Valerie Figueredo
United States District Court for the Southern District of New York
(212) 805-4733



This email may contain confidential and privileged material for the use of the intended recipient.
Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you
are not the intended recipient, please contact the sender by reply email and delete all copies of
this message.
CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening
attachments or clicking on links.

This email may contain confidential and privileged material for the use of the intended recipient.
Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you

are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

Appx049

 Outlook

---

## Re: Weisner v. Google, 20-CV-2862

| | |
|---|---|
| **From** | Aaron Davis <davis@valhallalegal.com> |
| **Date** | Wed 9/17/2025 2:29 PM |
| **To** | Figueredo NYSD Chambers <FigueredoNYSDChambers@nysd.uscourts.gov> |
| **Bcc** | Aaron Davis <davis@valhallalegal.com> |

Plaintiff Sholem Weisner has held October 21-23, 2025, in the event a bench trial is required.  That said, Plaintiff respectfully reiterates his August 29, 2025 email declining his consent to a bench trial before Magistrate Judge Figueredo on Google's affirmative defenses of inequitable conduct and prosecution laches.  Plaintiff reserves all rights, including those under Fed. R. Civ. P. 73.  If a bench trial were to proceed, Plaintiff desires to be further heard, by motion or other briefing, on this matter.  Thank you for your consideration.

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Figueredo NYSD Chambers <FigueredoNYSDChambers@nysd.uscourts.gov>
**Sent:** Tuesday, September 16, 2025 1:09 PM
**To:** Aaron Davis <davis@valhallalegal.com>
**Subject:** Weisner v. Google, 20-CV-2862

Mr. Davis,

As discussed on the phone, we are holding dates in case a bench trial is needed on summary judgment in this matter given the restricted schedule. I understand you are discussing the issue with your client. In the meantime, we ask that you please hold October 21-23, 2025 in the event a bench trial were required.

Thank you.

Ex. 2

 Outlook

---

## Re: Weisner v Google - Meet and Confer Correspondence

**From** Aaron Davis <davis@valhallalegal.com>
**Date** Fri 9/19/2025 3:55 PM
**To** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Bcc** Aaron Davis <davis@valhallalegal.com>

Hi Karim,

Plaintiff intends to rely on Article III of the U.S. Constitution as additional authority in support of his position. As an Article III judge, Judge Hellerstein is constitutionally empowered to adjudicate "all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States." This authority extends to matters involving property rights granted by the Patent Act, which are directly implicated by Google's Affirmative Defenses.

Professor Dershowitz and Mr. Weisner also plan on attending the meet and confer scheduled for Monday at 11am Eastern.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 9:48 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** Re: Weisner v Google - Meet and Confer Correspondence

Hi Karim,

We understand that Judge Hellerstein referred the parties' motions for summary judgments on Google's Affirmative Defenses to the Magistrate Judge for disposition. Setting that procedural fact aside, does Google itself have any reason that it objects to Plaintiff's request for Judge Hellerstein to try Google's Affirmative Defenses, if the parties' summary-judgment motions are denied?

Please provide your answer to this question in advance of Monday's meet and confer so that it can be most productive. Thank you.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397

**Ex. 3**

davis@valhallalegal.com

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 9:06 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** Re: Weisner v Google - Meet and Confer Correspondence

Topic: Meet and Confer on Bench Trial or Evidentiary Hearing by a Magistrate Judge without consent of the parties
Time: Sep 22, 2025 09:00 AM Mountain Time (US and Canada) - 11:00 AM Eastern Time
Join Zoom Meeting
Https://us06web.zoom.us/j/82164748430?pwd=BrMWbL6ayt9pibBjKuaO1AxgoEEhWY.1

Meeting ID: 821 6474 8430
Passcode: 921060

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Friday, September 19, 2025 8:52 AM
**To:** Aaron Davis <davis@valhallalegal.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** RE: Weisner v Google - Meet and Confer Correspondence

Aaron,

We are available Monday at 11am ET.  Please circulate an invite.

Your original email referred to "other relevant authorities."  If you have any such other authorities please provide them before we talk.

Thanks,
Karim

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 10:39 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** [Ext] Re: Weisner v Google - Meet and Confer Correspondence

Appx052

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

Hi Karim,

The relief we seek from the Court and our legal authority is clearly laid out in initial email:

A Magistrate Judge does not have the authority under Fed. R. Civ. P. 72 or 73 to hold a bench trial or evidentiary hearing on Google's Affirmative Defenses without all parties' consent.  Plaintiff seeks to have Judge Hellerstein, the District Court Judge, try all claims and defenses on the merits, as is Plaintiff's right.  We can further discuss, if you wish, during the parties' meet and confer.

To that end, please promptly provide a time to meet and confer on these issues.  We are available today, September 19, 2025 between 11:00am – 1:00pm Eastern Time and Monday, September 22, 2025 between 11:00am – 4:30pm Eastern Time. Please advise.  Thank you.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Friday, September 19, 2025 8:05 AM
**To:** Aaron Davis <davis@valhallalegal.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** RE: Weisner v Google - Meet and Confer Correspondence

Hi Aaron,

To allow us to understand your position and have a productive meet and confer, please send us any legal authority you are relying on and the relief you would seek from the Court.

Thanks,
Karim

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Thursday, September 18, 2025 3:15 PM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** [Ext] Weisner v Google - Meet and Confer Correspondence

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

Appx053

Hi Karim,

As I am sure you have too, we have heard from Magistrate Judge Figueredo's chambers about setting aside October 21-23, 2025 for a bench trial before her, if necessary, on Google's affirmative defenses of inequitable conduct and prosecution laches (collectively, "Google's Affirmative Defenses"). As you know, Plaintiff explicitly did not consent to such a bench trial.

Plaintiff contends that any bench trial or evidentiary hearing being held by Magistrate Judge Figueredo on Google's Affirmative Defenses would be a violation of Fed. R. Civ. P. 72 and 73 and other relevant authorities.

Please confirm in writing whether Google agrees that Magistrate Judge Figueredo:

(a) cannot hold a bench trial on Google's Affirmative Defenses without both parties' consent; and

(b) cannot hold an evidentiary hearing on Google's Affirmative Defenses without both parties' consent.

If Google does not agree with one or both of the above statements, then Plaintiff intends to promptly address this issue before the Court with a joint letter, given the short time between now and the potential bench trial.  To that end, Plaintiff is available to meet and confer on these issues on Friday, September 19, 2025 between 11:00am – 1:00pm Eastern Time and Monday, September 22, 2025 between 11:00am – 4:30pm Eastern Time.  Please advise what time slot works for you.  Thank you.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

Appx054

 Outlook

---

## Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**From** Aaron Davis <davis@valhallalegal.com>

**Date** Fri 9/26/2025 11:17 AM

**To** FigueredoNYSDChambers@nysd.uscourts.gov <FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>

**Cc** Karim Oussayef <KOussayef@desmaraisllp.com>; Ashley DaBiere <adabiere@desmaraisllp.com>; Kevin Gu <kgu@desmaraisllp.com>; Jamie Kringstein <jkringstein@desmaraisllp.com>; Michael Rhodes <mrhodes@desmaraisllp.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>; Alan Dershowitz <alandersh@gmail.com>

**Bcc** Aaron Davis <davis@valhallalegal.com>

Your Honor,

Following up on yesterday's conference call, Plaintiff respectfully renews his request that the Court issue its Report and Recommendation ("R&R") on the parties' motions for summary judgment, by Monday, September 29, 2025, as we understand the R&R has been completed.

Plaintiff makes this request for two primary reasons:

1. <u>To allow for timely objections</u>: Issuance of the R&R on or before September 29 would enable Plaintiff to file objections in advance of any bench trial, which could lead to summary judgment being granted in his favor, thereby obviating the need for trial altogether.

2. <u>To promote efficiency at trial (if a trial is necessary)</u>: Even if a bench trial proceeds, the R&R's findings would significantly aid in clarifying and narrowing the disputed factual issues, which in turn would help streamline the trial and promote judicial efficiency.

For these reasons, Plaintiff respectfully requests that the Court issue the R&R by September 29, 2025. Plaintiff is grateful for the Court's time and attention to this matter.  Plaintiff makes this request without waiving any objections.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Tuesday, September 2, 2025 11:08 AM
**To:** FigueredoNYSDChambers@nysd.uscourts.gov <FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Cc:** Karim Oussayef <koussayef@desmaraisllp.com>; Ashley DaBiere <adabiere@desmaraisllp.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; Kevin Gu <kgu@desmaraisllp.com>; Jamie Kringstein <jkringstein@desmaraisllp.com>; Penina Green <pgreen@sternschurin.com>; Michael Rhodes

Appx055

<mrhodes@desmaraisllp.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>; wniro@agdglaw.com
<wniro@agdglaw.com>; Alan Dershowitz <alandersh@gmail.com>
**Subject:** Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

Your Honor,

This is the second time Google has disregarded proper procedure regarding this Court's question on the
parties' consent (or lack thereof) to a bench trial by this Court.

First, Google ignored Your Honor's instructions that the parties were to communicate with each other
about the consent issue and get back to the Court by today, with a joint email on whether both parties
consent to Your Honor handling a bench trial on Google's affirmative defenses of inequitable conduct and
prosecution laches, in the event it is determined that there exist genuine issues of material fact that
preclude summary judgment for either party. Google instead sent last Friday a unilateral email without
seeking or including Plaintiff's position.

Now, Google makes an unsolicited argument — that Plaintiff entirely disagrees with — on an issue that
this Court never asked for input about and in a manner which violates proper procedure. If the Court
desires briefing on this at some point, Plaintiff will certainly provide its detailed position. But Google's
attempt to unilaterally start back-and-forth "email briefing" on an unsolicited subject should be rejected.

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Tuesday, September 2, 2025 6:30 AM
**To:** Aaron Davis <davis@valhallalegal.com>; FigueredoNYSDChambers@nysd.uscourts.gov
<FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Cc:** Ashley DaBiere <ADaBiere@desmaraisllp.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>;
Kevin Gu <KGu@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Penina Green
<pgreen@sternschurin.com>; Michael Rhodes <MRhodes@desmaraisllp.com>; Jacob Ginsburg
<jg@jacobginsburglaw.com>; wniro@agdglaw.com <wniro@agdglaw.com>; Alan Dershowitz
<alandersh@gmail.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

Dear Magistrate Judge Figueredo,

Google contends that, even without party consent, Your Honor has the authority to (1) hear the
summary judgment motions on Google's affirmative defenses of inequitable conduct and
prosecution laches, and (2) if necessary, hold an evidentiary hearing with live witnesses to
make any proposed findings of fact necessary to resolve those defenses. In both cases, Your
Honor would submit a report and recommendation to Judge Hellerstein, who would have the
authority to make the ultimate determination on those issues.

Under 28 U.S.C. § 636(b)(1)(A), magistrate judges cannot hear and "determine" dispositive motions, such as a "motion … for summary judgment." However, under § 636(b)(1)(B), a judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court" of such motions.

Federal Rule of Civil Procedure 72(b)(1) is the corresponding Federal Rule and makes clear that a magistrate judge can "*without the parties' consent* hear a pretrial matter *dispositive of a claim or defense.*" The rule explicitly references the ability to hold "*evidentiary proceedings*" and "enter a recommended disposition, *including, if appropriate, proposed findings of fact*." The text of 72(b)(1) is set forth below:

> "(1) Findings and Recommendations. *A magistrate judge must promptly conduct the required proceedings when assigned, <u>without the parties' consent</u>, to hear a pretrial matter <u>dispositive of a claim or defense</u>* or a prisoner petition challenging the conditions of confinement. A record must be made of all *evidentiary proceedings* and may, at the magistrate judge's discretion, be made of any other proceedings. *The magistrate judge must enter a recommended disposition, including, if appropriate, <u>proposed findings of fact</u>.* The clerk must immediately serve a copy on each party as provided in Rule 5(b)."

The Supreme Court explicitly approved having a magistrate hear and weigh evidence to make a recommendation for an Article III judge under the dispositive motion provision of § 636(b)(1)(B). *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (as noted in the dissent, this was an "unconsented referral" to a magistrate). More recently, a court in this district overruled an objection to having a magistrate hold an evidentiary hearing and issue a report and recommendation. *Argo Turboserve Corp. v. Aero Excel Components, LLC*, No. 18CIV489GBDGWG, 2018 WL 6521592, at *2 (S.D.N.Y. Dec. 12, 2018). Courts in other jurisdictions likewise find that magistrate judges have the authority to hold evidentiary hearings under § 686(b)(1)(B) and that "[n]o consent is required in these circumstances." *Holder v. Holder*, 392 F.3d 1009, 1013, 1021–22 (9th Cir. 2004). Respected commentators, such as Wright & Miller on Federal Practice and Procedure, evince the same understanding. *See* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3070 (3d ed. 2008); *see also id.* § 3070.2.

Two recent New York district court cases demonstrate this authority. In *Azzarmi v. 55 Fulton Mkt.*, the Article III judge received a "Report and Recommendation … recommending that this Court deny both parties' motions for summary judgment" and subsequently "RECOMMIT[ED] both motions to Magistrate Judge Moses for further development of the factual record pursuant to Fed. R. Civ. P. 56(e)(1) and 28 U.S.C. § 636(b)(1)(C) … [and] to hold an evidentiary hearing in order to take testimony from Plaintiff's witnesses Stephanie Acosta, Teresa Sorrento, and Anthony Russo." *Azzarmi v. 55 Fulton Mkt.*, No. 20CIV6835GBDBCM, 2023 WL 5148253, at *1 (S.D.N.Y. Aug. 10, 2023). In *McGinnis v. Crissell*, the Article III judge referred a dispositive issue to a magistrate judge, reviewed the resulting report and recommendation, adopted the "well-reasoned conclusion that Plaintiff has raised a triable issue of material fact regarding whether his failure to exhaust was excused," and then referred the issue to the same magistrate judge "to conduct an evidentiary hearing regarding Plaintiff's exhaustion of administrative remedies." *McGinnis v. Crissell*, No. 913CV1538LEKDJS, 2018 WL 3970668, at *3 (N.D.N.Y. Aug. 20, 2018).

Google is available at Your Honor's convenience to submit additional briefing on this issue.

Respectfully,
Karim Oussayef

Appx057

Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY  10169
(212) 351-3427

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, August 29, 2025 4:40 PM
**To:** FigueredoNYSDChambers@nysd.uscourts.gov; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Cc:** Ashley DaBiere <ADaBiere@desmaraisllp.com>; Karim Oussayef <KOussayef@desmaraisllp.com>; mmoskowitz@ostrolenk.com; Kevin Gu <KGu@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Penina Green <pgreen@sternschurin.com>; Michael Rhodes <MRhodes@desmaraisllp.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>; wniro@agdglaw.com; Alan Dershowitz <alandersh@gmail.com>
**Subject:** [Ext] Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\*** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

---

Your Honor,

Pursuant to Your Honor's instructions at the August 27, 2025 conference, the parties were to communicate with each other about the consent issue and get back to the Court by September 2, 2025, with a joint email on whether both parties consent to Your Honor handling a bench trial on Google's affirmative defenses of inequitable conduct and prosecution laches, in the event it is determined that there exist genuine issues of material fact that preclude summary judgment for either party.  Google did not do that, instead sending a unilateral email without seeking or including Plaintiff's position.

With the utmost consideration, Plaintiff respectfully declines to consent to a bench trial before Your Honor on Google's affirmative defenses of inequitable conduct and prosecution laches.

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Friday, August 29, 2025 2:07 PM
**To:** FigueredoNYSDChambers@nysd.uscourts.gov <FigueredoNYSDChambers@nysd.uscourts.gov>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com <jolin@skiermontderby.com>; kpotere@skiermontderby.com <kpotere@skiermontderby.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; wniro@agdglaw.com <wniro@agdglaw.com>; jg@jacobginsburglaw.com <jg@jacobginsburglaw.com>; pgreen@sternschurin.com <pgreen@sternschurin.com>; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

Dear Magistrate Judge Figueredo,

Appx058

Pursuant to the August 27, 2025 conference, Google consents to proceed before Your Honor on Google's defenses of Inequitable Conduct and Prosecution Laches.  Google is available for a summary judgment hearing on September 4-5,  8-12, 15, 17, 19, 22, 24, and 29-30.  Google is available for a bench trial, if necessary, on September 22, 24, 29-30, and October 3, 8-10, and 20-24.

For reference, the final pretrial conference is scheduled for January 27, 2026 and a two-week jury trial is scheduled for February 2, 2026.  D.I. 318.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY  10169
(212) 351-3427

**From:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Sent:** Wednesday, August 27, 2025 9:50 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>; Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com; kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com; pgreen@sternschurin.com; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** [Ext] RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

Please see below dial-in information for today at 4 PM EST.

### Dial in by phone

+1 646-453-4442,,973043423# United States, New York City
Find a local number
Phone conference ID: 973 043 423#

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Wednesday, August 27, 2025 9:37 AM
**To:** Aaron Davis <davis@valhallalegal.com>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; jolin@skiermontderby.com; kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com; pgreen@sternschurin.com; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

**CAUTION - EXTERNAL:**

Appx059

Yes, Defendant Google is available.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3427

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Wednesday, August 27, 2025 9:31 AM
**To:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; Karim Oussayef <KOussayef@desmaraisllp.com>; jolin@skiermontderby.com; kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com; pgreen@sternschurin.com; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** [Ext] Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

---

Plaintiff Weisner is, yes.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Sent:** Wednesday, August 27, 2025 7:29:23 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>; Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com <jolin@skiermontderby.com>; kpotere@skiermontderby.com <kpotere@skiermontderby.com>; mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; wniro@agdglaw.com <wniro@agdglaw.com>; jg@jacobginsburglaw.com <jg@jacobginsburglaw.com>; pgreen@sternschurin.com <pgreen@sternschurin.com>; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

Thank you. Are the parties available today at 4 PM?

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Tuesday, August 26, 2025 4:48 PM
**To:** Aaron Davis <davis@valhallalegal.com>; Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; jolin@skiermontderby.com; kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com; pgreen@sternschurin.com; Ashley DaBiere <ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu <KGu@desmaraisllp.com>; Michael Rhodes

Appx060

<MRhodes@desmaraisllp.com>
**Subject:** RE: Weisner v. Google, 20-CV-2862 - Brief Meeting

**CAUTION - EXTERNAL:**

Dear Ms. O'Neill,

Defendant Google is also available on Wednesday afternoon.

Respectfully,
Karim Oussayef
Counsel for Google
**Karim Z. Oussayef**
**Desmarais LLP**
230 Park Avenue
New York, NY  10169
(212) 351-3427

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Tuesday, August 26, 2025 4:42 PM
**To:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>; jolin@skiermontderby.com;
kpotere@skiermontderby.com; mmoskowitz@ostrolenk.com; wniro@agdglaw.com; jg@jacobginsburglaw.com;
pgreen@sternschurin.com; Karim Oussayef <KOussayef@desmaraisllp.com>; Ashley DaBiere
<ADaBiere@desmaraisllp.com>; Jamie Kringstein <JKringstein@desmaraisllp.com>; Kevin Gu
<KGu@desmaraisllp.com>; Michael Rhodes <MRhodes@desmaraisllp.com>
**Subject:** [Ext] Re: Weisner v. Google, 20-CV-2862 - Brief Meeting

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the
sender and have confidence the content is safe.**

Dear Ms. O'Neill,

Thank you for your message.  Plaintiff and his counsel are available for a telephone call with Magistrate
Judge Valerie Figueredo on Wednesday afternoon.

Respectfully submitted,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Counsel for Plaintiff Sholem Weisner
Phone: (763) 957-2397
davis@valhallalegal.com

**From:** Rebecca O'Neill <Rebecca_Oneill@nysd.uscourts.gov>
**Sent:** Tuesday, August 26, 2025 2:14 PM
**To:** Aaron Davis <davis@valhallalegal.com>; jolin@skiermontderby.com <jolin@skiermontderby.com>;
kpotere@skiermontderby.com <kpotere@skiermontderby.com>;
mmoskowitz@ostrolenk.com <mmoskowitz@ostrolenk.com>; wniro@agdglaw.com <wniro@agdglaw.com>;
jg@jacobginsburglaw.com <jg@jacobginsburglaw.com>; pgreen@sternschurin.com <pgreen@sternschurin.com>;
koussayef@desmaraisllp.com <koussayef@desmaraisllp.com>;

Appx061

adabiere@desmaraisllp.com <adabiere@desmaraisllp.com>;
jkringstein@desmaraisllp.com <jkringstein@desmaraisllp.com>;
kgu@desmaraisllp.com <kgu@desmaraisllp.com>; mrhodes@desmaraisllp.com <mrhodes@desmaraisllp.com>
**Subject:** Weisner v. Google, 20-CV-2862 - Brief Meeting

Hi all,

This case has just been referred to Magistrate Judge Valerie Figueredo. Are the parties available to briefly touch base via telephone on Wednesday afternoon, Thursday afternoon, or Friday morning of this week? No substantive preparation will be required. Thank you.

Rebecca O'Neill
Law Clerk for the Hon. Valerie Figueredo
United States District Court for the Southern District of New York
(212) 805-4733



This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

Appx062

 Outlook

---

## Re: Weisner v Google - Meet and Confer Correspondence

**From** Aaron Davis <davis@valhallalegal.com>

**Date** Sat 9/27/2025 5:54 PM

**To** Karim Oussayef <KOussayef@desmaraisllp.com>

**Cc** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>

---

Hi Karim,

Plaintiff has a follow up proposal that we believe should resolve the bench trial issue. Plaintiff is amending his joint letter to make (2) of this prayer for relief into (2)(b) and add (2)(a) below to the prayer, as stated below:

…(2)(a) Plaintiff be granted his right to a jury trial on all issues of fact, including those related to Google's Affiramtive Defenses, during the February 2, 2026 trial ("Jury Trial"), with the jury finding the facts and Judge Hellerstein making the equitable determinations on Google's Affirmative Defenses in a post-trial opinion, thus mooting the need for any separate bench trial; **or**

(2)(b) if the Court's preference is to not include Google's Affirmative Defenses in the Jury Trial, then any bench trial, if necessary, on Google's Affirmative Defenses shall be held by Judge Hellerstein, who solely has the statutory and Constitutional authority to conduct a trial in this case and has a long history with the parties and proceedings, including the sensitive medical issues surrounding these defenses; and

(3)…

---

Google previously stated at the Status Conference on July 15 that it thought the entire Jury Trial could be completed in 5 days. The bench trial has been set for 2-3 days. Judge Hellerstein gave the parties two weeks for the Jury Trial, so there should be ample time to try all issues during that two-week period. If Google agrees to Plaintiff's (2)(a) proposal, then the parties can prepare a short joint letter to Judge Hellerstein communicating their agreement to proceeding as stated in (2)(a) above. Please advise as soon as possible whether Google agrees, or if not, please provide Google's portion of the joint letter by Noon Eastern on Monday, September 29. Thank you.

Respectfully,
Aaron W. Davis, Esq.

Appx063

**Ex. 5**

VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Thursday, September 25, 2025 5:48 PM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz
<alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** Re: Weisner v Google - Meet and Confer Correspondence

Karim,

Attached are Plaintiff's portion of the joint dispute letter on the bench trial issue, along with three marked
exhibits.  Please provide your portion by no later than Noon Eastern on Monday, September 29, 2025, so
that the letter can be filed that day, as directed by the Magistrate Judge.  Plaintiff reserves his right to
modify his portion of the letter based on Google's portion.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 3:54 PM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz
<alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** Re: Weisner v Google - Meet and Confer Correspondence

Hi Karim,

Plaintiff intends to rely on Article III of the U.S. Constitution as additional authority in support of his
position. As an Article III judge, Judge Hellerstein is constitutionally empowered to adjudicate "all Cases,
in Law and Equity, arising under this Constitution [and] the Laws of the United States." This authority
extends to matters involving property rights granted by the Patent Act, which are directly implicated by
Google's Affirmative Defenses.

Professor Dershowitz and Mr. Weisner also plan on attending the meet and confer scheduled for Monday
at 11am Eastern.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

Appx064

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 9:48 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** Re: Weisner v Google - Meet and Confer Correspondence

Hi Karim,

We understand that Judge Hellerstein referred the parties' motions for summary judgments on Google's Affirmative Defenses to the Magistrate Judge for disposition. Setting that procedural fact aside, does Google itself have any reason that it objects to Plaintiff's request for Judge Hellerstein to try Google's Affirmative Defenses, if the parties' summary-judgment motions are denied?

Please provide your answer to this question in advance of Monday's meet and confer so that it can be most productive. Thank you.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 9:06 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** Re: Weisner v Google - Meet and Confer Correspondence

Topic: Meet and Confer on Bench Trial or Evidentiary Hearing by a Magistrate Judge without consent of the parties
Time: Sep 22, 2025 09:00 AM Mountain Time (US and Canada) - 11:00 AM Eastern Time
Join Zoom Meeting
Https://us06web.zoom.us/j/82164748430?pwd=BrMWbL6ayt9pibBjKuaO1AxgoEEhWY.1

Meeting ID: 821 6474 8430
Passcode: 921060

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Friday, September 19, 2025 8:52 AM
**To:** Aaron Davis <davis@valhallalegal.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz

<alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** RE: Weisner v Google - Meet and Confer Correspondence

Aaron,

We are available Monday at 11am ET.  Please circulate an invite.

Your original email referred to "other relevant authorities."  If you have any such other
authorities please provide them before we talk.

Thanks,
Karim

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Friday, September 19, 2025 10:39 AM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz
<alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** [Ext] Re: Weisner v Google - Meet and Confer Correspondence

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the
sender and have confidence the content is safe.**

---

Hi Karim,

The relief we seek from the Court and our legal authority is clearly laid out in initial email:

A Magistrate Judge does not have the authority under Fed. R. Civ. P. 72 or 73 to hold a bench trial or
evidentiary hearing on Google's Affirmative Defenses without all parties' consent.  Plaintiff seeks to have
Judge Hellerstein, the District Court Judge, try all claims and defenses on the merits, as is Plaintiff's
right.  We can further discuss, if you wish, during the parties' meet and confer.

To that end, please promptly provide a time to meet and confer on these issues.  We are available today,
September 19, 2025 between 11:00am – 1:00pm Eastern Time and Monday, September 22, 2025 between
11:00am – 4:30pm Eastern Time. Please advise.  Thank you.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

---

**From:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Sent:** Friday, September 19, 2025 8:05 AM
**To:** Aaron Davis <davis@valhallalegal.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz
<alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** RE: Weisner v Google - Meet and Confer Correspondence

Appx066

Hi Aaron,

To allow us to understand your position and have a productive meet and confer, please send us any legal authority you are relying on and the relief you would seek from the Court.

Thanks,
Karim

---

**From:** Aaron Davis <davis@valhallalegal.com>
**Sent:** Thursday, September 18, 2025 3:15 PM
**To:** Karim Oussayef <KOussayef@desmaraisllp.com>
**Cc:** Google Weisner Service <GoogleWeisnerService@desmaraisllp.com>; Alan Dershowitz <alandersh@gmail.com>; Jacob Ginsburg <jg@jacobginsburglaw.com>
**Subject:** [Ext] Weisner v Google - Meet and Confer Correspondence

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

---

Hi Karim,

As I am sure you have too, we have heard from Magistrate Judge Figueredo's chambers about setting aside October 21-23, 2025 for a bench trial before her, if necessary, on Google's affirmative defenses of inequitable conduct and prosecution laches (collectively, "Google's Affirmative Defenses"). As you know, Plaintiff explicitly did not consent to such a bench trial.

Plaintiff contends that any bench trial or evidentiary hearing being held by Magistrate Judge Figueredo on Google's Affirmative Defenses would be a violation of Fed. R. Civ. P. 72 and 73 and other relevant authorities.

Please confirm in writing whether Google agrees that Magistrate Judge Figueredo:

(a) cannot hold a bench trial on Google's Affirmative Defenses without both parties' consent; and

(b) cannot hold an evidentiary hearing on Google's Affirmative Defenses without both parties' consent.

If Google does not agree with one or both of the above statements, then Plaintiff intends to promptly address this issue before the Court with a joint letter, given the short time between now and the potential bench trial. To that end, Plaintiff is available to meet and confer on these issues on Friday, September 19, 2025 between 11:00am – 1:00pm Eastern Time and Monday, September 22, 2025 between 11:00am – 4:30pm Eastern Time. Please advise what time slot works for you. Thank you.

Respectfully,
Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
Phone: (763) 957-2397
davis@valhallalegal.com

This email may contain confidential and privileged material for the use of the intended recipient. Any

review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

Appx068

Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SHOLEM WEISNER and
SHMUEL NEMANOV,

             Plaintiff and Involuntary Plaintiff,

  -against-

GOOGLE LLC,

                    Defendant.

------------------------------------------------------------- x

**<u>OPINION AND ORDER
DENYING PLAINTIFF'S
MOTION TO VACATE
REFERRAL TO
MAGISTRATE JUDGE</u>**

20 Civ. 2862 (AKH) (VF)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Sholem Weisner moves, on an "emergency" basis, to vacate my referral of the parties' cross-motions for summary judgment on Defendant Google's affirmative defenses to U.S. Magistrate Judge Valerie Figueredo.[1] Specifically, Google seeks judgment on the equitable defenses of prosecution laches and inequitable conduct, and Weisner seeks to strike them from Google's Answer. Since my referral is permissible under the statute and the United States Constitution, I deny Weisner's motion in its entirety.

## BACKGROUND

    In this patent infringement action, both parties have cross-moved for summary judgment on Google's affirmative defenses of inequitable conduct and prosecution laches. *See* ECF Nos. 339, 342. At the status conference of July 15, 2025, in declaring their intent to cross-move for summary judgment, the parties represented that the motions could be resolved on the papers, as a matter of law, without the need to determine issues of material fact, and agreed that if factual

---

[1] Plaintiff contends that during a teleconference on August 27, 2025, Magistrate Judge Figueredo "rul[ed] that she could not hold a bench trial without consent." ECF No. 411 at 9. I understand that this is a misrepresentation, and that Magistrate Judge Figueredo made no such ruling. All she stated was that she could not issue an opinion and order without the parties' consent.

1

disputes existed as to Google's equitable defenses, they should be resolved by a bench trial, rather than through a jury trial. *See* Tr. of July 15, 2025 Stat. Conf. at 4-5, 9, 11; *see also Modine Mfg. Co. v. Allen Grp., Inc.*, 917 F.2d 538, 541 (Fed. Cir. 1990) ("The ultimate question of whether inequitable conduct occurred is equitable in nature, committed to the discretion of the trial court"). Indeed, in the patent context, courts routinely resolve motions for summary judgment on equitable affirmative defenses, including prosecution laches and inequitable conduct, through bench trials. *See, e.g., Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 727 (Fed. Cir. 2010); *Agfa Corp. v. Creo Prods.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006); *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1346-47 (Fed. Cir. 2017); *see also* Tr. of July 15, 2025 Stat. Conf. at 9 (Mr. Davis (counsel for Weisner): "[T]here is federal circuit case law that inequitable conduct is an issue for a bench trial. It's an equitable decision rather than a jury issue.").

## DISCUSSION

On August 26, 2025, I referred the summary judgment motions, including any related bench trial of the issues in the motions, if appropriate, to Magistrate Judge Figueredo for her report and recommendation. ECF Nos. 392-93. I did so pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

This referral comports with the statute governing the jurisdiction of magistrate judges. The statute provides that a district judge may refer dispositive motions to a magistrate judge for a report and recommendation, subject to *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(B)-(C). To this end, the magistrate judge may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of contested issues raised at such proceedings. 28 U.S.C. § 636(b)(1)(B).

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1); *see also Argo Turboserve Corp. v. Aero Excel Components, LLC,* 18 Civ. 489, 2018 U.S. Dist. LEXIS 209675, at *4 (S.D.N.Y. Dec. 12, 2018) ("A magistrate judge need not obtain the consent of both parties to decide a matter."). Courts routinely refer dispositive motions for summary judgment to magistrate judges for report and recommendations, including with the directive to hold hearings and take testimony from witnesses, and doing so here does not violate federal law. *See, e.g., Azzarmi v. 55 Fulton Mkt.,* 20 Civ. 6835, 2023 U.S. Dist. LEXIS 139341, at *10-14 (S.D.N.Y. Aug. 10, 2023) (recommitting referral of summary judgment motions to magistrate judge "to hold an evidentiary hearing at which Plaintiffs witnesses . . . are to appear and give sworn testimony under oath."); *McGinnis v. Crissell,* 13 Civ. 1538, 2018 U.S. Dist. LEXIS 140559, at *7 (N.D.N.Y. Aug. 20, 2018) (referring motion for summary judgment to magistrate judge to "conduct an evidentiary hearing").

Contrary to Weisner's contentions, my referral does not violate Article III of the United States Constitution. *See United States v. Raddatz,* 447 U.S. 667, 683-84 (1980). In *Raddatz,* the Supreme Court held that a district judge may constitutionally refer dispositive motions— including any related evidentiary hearings—to a magistrate judge, subject to *de novo* review by the presiding district judge. *Id.* In so holding, the Court rejected "the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'" since it is "clear that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." *Id.* at 674. Such "delegation does not violate Art. III so long as the ultimate decision is made by the district court" in its *de novo* review. *Id.* at 683.

Finally, since the parties' motions concern equitable defenses, Weisner's Seventh Amendment right to a jury trial is not infringed by a determination of these issues via bench trial. *See, e.g., Agfa Corp.*, 451 F.3d at 1375 ("This court has consistently treated inequitable conduct as an equitable defense that may be adjudicated by the trial court without a jury."); *Granfinanciera v. Nordberg*, 492 U.S. 33, 41-42 (1989) (the Seventh Amendment does not provide a right to a jury trial on equitable claims).

## CONCLUSION

Based on the foregoing, I deny Weisner's motion to vacate my referral of the parties' summary judgment motions to Magistrate Figueredo. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), I shall conduct a *de novo* review of Magistrate Judge Figueredo's report and recommendation.

The Clerk of Court shall terminate ECF No. 410.

SO ORDERED.

Dated:  October ___/___, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4

Exhibit 7

**IN UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHOLEM WEISNER and SHMUEL NEMANOV | Civil Action No. 20-cv-02862-AKH ("*Weisner I*") |
| Plaintiff and Involuntary Plaintiff, | Civil Action No. 23-cv-08186-AKH ("*Weisner II*") |
| v. | |
| GOOGLE LLC. | ███████████████████ |
| Defendant. | |

## GOOGLE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY BASED ON INEQUITABLE CONDUCT AND PROSECUTION LACHES

[Plaintiff] from filing parallel applications with new claims covering the invention.  [It] did not have to run out its string of inert applications before turning to claim the invention that mattered.").

*Lastly,* Plaintiff's delay was neither justifiable nor excusable.   As explained above, Plaintiff's abandonment was intentional, and his revisionist excuses for his lengthy abandonment are not credible.  *See supra* at Section II.A.  With respect to Plaintiff's prosecutorial daisy chaining, Plaintiff has offered no excuse for his dilatory behavior at all.  Plaintiff could have and should have applied for the claims of the Asserted Patents sooner, because the claims of all of Plaintiff's patents should be based upon the June 7, 2007 application by law.  *Anascape, Ltd. v. Nintendo of Am. Inc.*, 601 F.3d 1333, 1335 (Fed. Cir. 2010) ("To obtain the benefit of the filing date of a parent application, the claims of the later-filed application must be supported by the written description in the parent in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought.") (quotations omitted).

At bottom, Plaintiff's more than 11- to 13-year delay in filing each of the Asserted Patents was unjustifiable and supports a finding of prosecution laches.  *See, e.g.*, *Sonos*, 2023  WL 6542320, at *16 (finding delay of "*over thirteen years* after [Plaintiff] had filed the provisional application" was unreasonable and inexcusable. (emphasis in original)).

### B.    Plaintiff's Unjustifiable Delay Prejudiced Google.

Plaintiff concedes that Google began developing Timeline in 2013, and Google publicly released Timeline in 2015.  *See* Ex. C, (2/13/2025 Weisner Dep. Tr). at 460:19–461:1.  Like in *Sonos*, "[h]ere, Google began investing in the accused products by at least 2015, when it released its first products that practiced the invention."  *Sonos*, 2023 WL 6542320 at *18.  Plaintiff similarly does not contest that here "Google worked on, invested in, and used the claimed technology during the period of [Plaintiff]'s delay."  *Id.*  In such circumstances, Google has met its burden to show

prejudice absent Plaintiff "offer[ing] sworn evidence that Google suffered no economic prejudice"—which it cannot do because Google did suffer economic prejudice. *Id.*

Google suffered further prejudice because Plaintiff benefitted from its own delay by using Google's product documentation to draft its later-in-time continuation patents. Here, Plaintiff's Asserted Patents were filed in 2019 and later, well after Google had already put its Timeline feature into practice in 2015. In other words, "[b]y the time these patents issued in 2019 and [later], the industry had already marched on and put the claimed invention into practice." *Id.* at *1. Google now must defend itself against continuation patents drafted with Google's features in mind, further prejudicing Google.

Here, Plaintiff cannot feign surprise, **because**



Ex. P at NEMANOV-00000008. Thus, Plaintiff knowingly assumed the risk of triggering Google's "intervening rights, *i.e.*, that either the accused infringer or others invested in, worked on, or used the claimed technology during the period of delay." *Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*, 625 F.3d 724, 729 (Fed. Cir. 2010) (explaining that prosecution laches prejudice can be shown with evidence of intervening rights). That series of events is set forth in detail below.

Google was further prejudiced by Mr. Weisner's attempt to exploit the delay in prosecuting this patent by tailoring his claims to Google's accused products—rather focusing his prosecution on the patent specification. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) ("What is claimed by the patent application must be the same as what is disclosed in the specification; otherwise the patent should not issue."). Specifically, ██████████

██████████████████████████████████████████



Ex. I Mittelman-000047 at -53 (highlighting added).

██████████████████████████████████████████████

██████████████████████████████████

Exhibit 8

 **Outlook**

---

## Activity in Case 1:20-cv-02862-AKH Weisner v. Google LLC Notice of Redesignation to Magistrate Judge

---

**From** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Date** Mon 8/25/2025 1:44 PM
**To** CourtMail@nysd.uscourts.gov <CourtMail@nysd.uscourts.gov>

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 8/25/2025 at 3:44 PM EDT and filed on 8/25/2025
**Case Name:** Weisner v. Google LLC
**Case Number:** <u>1:20-cv-02862-AKH</u>
**Filer:**
**Document Number:** No document attached

**Docket Text:**
<span style="color:blue">**NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Valerie Figueredo to handle matters that may be referred in this case. Please note that this is a reassignment of the designation only. (tro)**</span>

**1:20-cv-02862-AKH Notice has been electronically mailed to:**

Jacob Ginsburg     jg@jacobginsburglaw.com

Max Moskowitz     mmoskowitz@ostrolenk.com, ckupferberg@ostrolenk.com

Kevin Paul Potere     kpotere@skiermontderby.com, sharbour@skiermontderby.com

Karim Zeddam Oussayef     koussayef@desmaraisllp.com, ecfalerts@desmaraisllp.com

Jamie Lauren Kringstein    jkringstein@desmaraisllp.com, 3173621420@filings.docketbird.com

William L Niro    wniro@agdglaw.com, ganaya@agdglaw.com, kdiesner@agdglaw.com

Michael Rhodes    mrhodes@desmaraisllp.com

Jaime Olin    jolin@skiermontderby.com

Penina Green    pgreen@sternschurin.com

Aaron Davis    davis@valhallalegal.com

Kevin J Gu    kgu@desmaraisllp.com

Ashley DaBiere    adabiere@desmaraisllp.com

**1:20-cv-02862-AKH Notice has been delivered by other means to:**

# CERTIFICATE OF SERVICE

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
Misc. No. _____
----------------------------------------------)
IN RE SHOLEM WEISNER,
                        *Petitioner*.
----------------------------------------------)

I, Aaron W. Davis, Counsel for Petitioner, certify that on the 3rd day of October 2025, I served the within Petition for Writ of Mandamus and accompanying Appendix via email and Express Mail upon the following:

Karim Z. Oussayef
kouussayef@desmaraisllp.com
Jamie L. Kringstein
jkringstein@dsmaraisllp.com
Ashley DaBiere
adabiere@ dsmaraisllp.com
DESMARAISS LLP
230 Park Avenue
New York, NY 10169

Michael R. Rhodes
mrhodes@dsmaraisllp.com
Kevin Gu
kgu@dsmaraisllp.com
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, CA 94111

*Counsel for Defendant Google*

Email service is pursuant to consent between the parties

Additionally, a copy of the Petition and Appendix has been served on the following:

Shmuel Nemanov
1361 St. John's Place, Apt. 1-B
Brooklyn, NY 11213
*Involuntary Plaintiff*

via Express Mail, by causing a copy of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service or UPS.

Additionally, a copy of the Petition and Appendix has been served on the following U.S. District Judge:

District Judge Alvin K. Hellerstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Fax: (212) 805-7942

via Express Mail, by causing a copy of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service or UPS.

Unless otherwise noted, the required copies have been filed via the Court's CM/ECF on this date.

Dated: October 3, 2025                    Respectfully submitted,

                                          /s/ Aaron W. Davis                    .
                                          Aaron W. Davis, Esq.